# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH JOHNSON, on Behalf of Himself and All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   vs.<br><br>GENERAL MILLS, INC. AND YOPLAIT USA, INC.,<br><br>   Defendants. | Case No.: SACV 10-00061-CJC(ANx)<br><br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** [filed 1/3/11] |

The motion for summary judgment filed by General Mills, Inc. and Yoplait USA, Inc. (collectively "General Mills") is DENIED. Mr. Johnson has brought claims on behalf of himself and putative class members alleging General Mills violated California's Consumers Legal Remedies Act and Unfair Competition Law as well as breached express warranties. General Mills argues that summary judgment is warranted because Mr. Johnson "saw few representations about YoPlus before he decided to buy the product – and, critically, none of those representations is actionable" as a matter of law. Mem. P. &

A. Supp. Mot. Summ. J. at 2.  More specifically, General Mills contends that the statements at issue "are either true or they are untestable and subjective statements of opinion" or "mere puffing."  *Id.* at 13, 16, 22–23.  The Court disagrees.[1]

Mr. Johnson's individual claims turn on the statements and images found in the YoPlus packaging and commercial linked to Mr. Johnson's purchases.  The front portion of the second generation packaging that Mr. Johnson saw when he purchased YoPlus depicted each of the following (1) the word "DIGESTIVE" in capital letters below "Yoplus+," (2) the word "probiotics," and (3) a green silhouette of a woman's body with a plus sign and various circles in the area of the woman's stomach.  Moreover, the television commercial called Gimme More Revised, which Mr. Johnson alleges that he saw around the time of his first purchase of YoPlus or before his final purchase of YoPlus,[2] featured a monologue proclaiming that YoPlus' "unique blend of probiotic cultures and fiber help your body regulate digestive health naturally.  Compare YoPlus to [Dannon's] Activia.  Both have special digestive health cultures . . . ."  *Id.* at 23 (citing Mand Decl. ¶ 18, Ex. 4).  The Gimme More Revised commercial also graphically

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* FED. R. CIV. P. 78; LOCAL RULE 7-15.  Accordingly, the hearing set for March 7, 2011, at 1:30 p.m. will remain on calendar but will concern only Mr. Johnson's pending motion for class certification.

[2] General Mills urges that "Mr. Johnson's claims can be based only on marketing representations on the exterior of the second generation of the YoPlus packaging, because those are the only YoPlus representations that he saw before he purchased YoPlus."  Mem. P. & A. Supp. Mot. Summ. J. at 11; *see also* Reply at 2.  Although Mr. Johnson does not appear to recall exactly when he first saw the Gimme More Revised commercial, he has confidently expressed that he saw it and relied upon it prior to his last purchase of YoPlus.  *See* Johnson Dep. 37:11–17 (stating that he could not "[d]efinitively . . . say I saw it before the first purchase, but I know I saw it before the last purchase"); *id.* 37:3–10 (explaining that he saw a YoPlus television commercial "around the same time period" as he bought YoPlus, but could not "distinguish specifically if it was right before or right after" he first purchased YoPlus); *id.* 36:4–17 (admitting that seeing the commercial did not "get [him] out of [his] seat to walk to the store that instant," but agreeing that "the commercial that [he] saw before [he] bought [YoPlus was] something that triggered" his later purchase).  Given this assertion, for the purposes of this motion, the Court assumes that Mr. Johnson did rely on content contained in the Gimme More Revised commercial when he purchased at least one YoPlus package even if he relied only on the packaging when he made one or more prior purchases.

depicted the silhouette of a woman's body with a plus sign, various circles, and the words "regulates digestive health naturally" superimposed.

General Mills attempts to isolate each particular statement or image and divorce it from its full context. In so doing, General Mills argues that there is no single representation that, standing alone, is actionable. This approach is flawed. *See Williams v. Gerber Products Co.*, 552 F.3d 934, 939 n.3 (9th Cir. 2008) (observing that a statement that a product was "nutritious" might arguably constitute puffery in isolation but the "statement certainly contribute[d] . . . to the deceptive context of the packaging *as a whole*" (emphasis added)). Even assuming General Mills is correct that some of the statements would themselves be non-actionable, they "cannot be considered in isolation because they contribute to the [potentially] deceptive context" of the packaging and marketing "as a whole." *See Lima v. Gateway, Inc.*, 710 F. Supp. 2d 1000, 1007 (C.D. Cal. 2010) (citing *Williams*, 552 F.3d at 939 n.3).

Mr. Johnson persuasively argues that, when each of these statements and images is properly considered in context, General Mills successfully communicated a "common message that eating Yo-Plus aids in the promotion of digestive health in ways that eating normal yogurt does not." *See Fitzpatrick v. General Mills, Inc.*, 263 F.R.D. 687, 694 (S.D. Fla. 2010) (making this conclusion in a Florida class action involving the same Defendants and the same YoPlus product); *id.* at 697 ("After extensive review of the record and the affidavits, the Court is convinced that a significant number of Yo-Plus consumers purchased Yo-Plus because of its purported digestive health benefit, which is, as General Mills' marketing documents plainly state, Yo-Plus' primary distinguishing feature."); First Am. Compl. ¶ 9; *see also Morgan v. AT & T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1256 (2009) (rejecting claim that the defendant's alleged representations were non-actionable puffery, opinions, or predictions of future events where the plaintiffs' Unfair Competition Law claim was not based upon "reliance on

specific representations they assert were false" but instead on the allegedly deceptive "effect on consumers" that resulted from the defendant's marketing campaign to promote a cell phone). This was not by accident. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 2011 WL 240278, at *9 (Jan. 27, 2011) ("The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may come to associate with a particular source. . . . [And] consumers rely on the accuracy of those representations in making their buying decisions."). Indeed, General Mills is a large, sophisticated company that carefully devises, tests, and regularly modifies its marketing and promotional materials to convey particular messages. And Mr. Johnson has alleged that he purchased YoPlus based on the successful communication of the message that YoPlus, moreso than ordinary yogurt, promoted digestive health. *See* Johnson Dep. 35:21–24 ("Q BY MR. EDWARDS: What prompted you to start buying Yo-Plus? A[:] The claims of probiotics and digestive health.").

Given this potentially actionable representation regarding the digestive health benefits of YoPlus, there are genuine issues of material fact as to whether General Mills' claims regarding YoPlus' digestive health benefits were true[3] or, if not, were sufficiently misleading as to be likely to deceive the public. *See Williams*, 552 F.3d at 938–39 (citing cases for the proposition that whether a business practice would deceive a reasonable consumer "will usually be a question of fact" and concluding that issue was particularly inappropriate for resolution on a motion to dismiss).

For the foregoing reasons, General Mills' motion for summary judgment is

//

---

[3] General Mills contends that any such representation was true and that there is "ample scientific research to substantiate" the claim that YoPlus promotes digestive health. Reply at 7. As General Mills notes, however, the only issue presented on this motion for summary judgment is a "threshold issue" concerning whether General Mills made any actionable representation. *Id.*

1 | DENIED.

4 | DATED:   March 3, 2011

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE