UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **JEREMIAH JOHNSON, on Behalf of Himself and All Others Similarly Situated,**<br><br>   **Plaintiff,**<br><br>   vs.<br><br>**GENERAL MILLS, INC. AND YOPLAIT USA, INC.,**<br><br>   **Defendants.** | Case No.: SACV 10-00061-CJC(ANx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

## I.   INTRODUCTION

Mr. Johnson has brought claims on behalf of himself and putative class members asserting General Mills, Inc. and Yoplait USA, Inc. (collectively "General Mills") violated California's Unfair Competition Law ("UCL") and Consumers Legal Remedies Act ("CLRA") by falsely representing that YoPlus yogurt products promote digestive

-1-

health.[1]  Mr. Johnson alleges that General Mills communicated these misrepresentations through product packaging and other forms of marketing including television, newspaper, magazine, internet, and direct mail advertisements.  Before the Court is Mr. Johnson's motion for class certification of these claims.  For the reasons explained below, Mr. Johnson's motion for class certification is GRANTED.

## II.  ANALYSIS

### A.  Legal Standard for Class Certification

"[D]istrict courts retain wide discretion in class certification decisions . . . ." *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 594 (9th Cir. 2010) (en banc).  Federal Rule of Civil Procedure 23(a) sets forth four requirements for maintenance of a class action.  Under that rule, a class may only be certified if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  In addition, the party seeking certification must show that the action falls within one of the three subsections of Rule 23(b).  In this case, Mr. Johnson seeks certification pursuant to 23(b)(3).  Rule 23(b)(3) permits certification of cases in which "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Mr. Johnson bears the burden of demonstrating that he has met the four requirements of Rule 23(a) as well

---

[1] Mr. Johnson's First Amended Class Action Complaint also alleges claims for breach of express warranties, but at the March 7, 2011 hearing on Mr. Johnson's motion for class certification, Mr. Johnson represented that he was dismissing those claims and no longer seeking certification of them.

as the predominance and superiority requirements of Rule 23(b)(3). *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001).

**B.     Standing**

As an initial matter, Mr. Johnson has standing under the UCL and CLRA. Under the UCL, as amended by Proposition 64, a private plaintiff has standing to bring a UCL claim if the plaintiff "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *see also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320–21, 326–27 (2011). Relatedly, a private plaintiff has standing under the CLRA if he has been damaged by a defendant's conduct that violated the CLRA. Cal. Civ. Code § 1780(a); *Henderson v. Gruma Corp.*, No. CV 10–04173 AHM (AJWx), 2011 WL 1362188, at *6 (C.D. Cal. Apr. 11, 2011) ("The CLRA requires a demonstration of actual reliance for standing purposes."); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007) ("California requires a plaintiff suing under the CLRA for misrepresentations in connection with a sale to plead and prove she relied on a material misrepresentation."). Mr. Johnson has UCL and CLRA standing because he alleges that he bought YoPlus in reliance on General Mills' allegedly deceptive representations concerning the digestive health benefit of YoPlus as communicated by the second generation YoPlus packaging and a television commercial for YoPlus. He further asserts that he suffered economic injury because he purchased YoPlus but did not receive the promised digestive health benefit. *See Kwikset Corp.*, 51 Cal. 4th at 326–27.

//
//

### C. Rule 23(a) Requirements

#### 1. Numerosity

Numerosity is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Mr. Johnson seeks to certify a class consisting of thousands of persons that purchased YoPlus in California over a period of several years. Although General Mills contests other Rule 23 requirements, it does not genuinely dispute that Mr. Johnson's proposed class satisfies the numerosity requirement. The numerosity requirement is met here.

#### 2. Commonality

To prevail under Rule 23(a)(2)'s commonality inquiry, the plaintiff must establish common questions of law and fact among class members. *Dukes*, 603 F.3d at 599. "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Mr. Johnson's UCL and CLRA claims raise common issues regarding General Mills' allegedly deceptive representation that YoPlus promotes digestive health. *See* Cal. Bus. & Prof. Code § 17200 (UCL prohibiting unfair competition in the form of "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising"); Cal. Civ. Code § 1770(a) (providing that misrepresenting the characteristics or benefits of products constitutes an unfair method of competition or unfair or deceptive act or practice under the CLRA).

1    Mr. Johnson may bring these UCL and CLRA claims on behalf of a class.
2 Although Proposition 64 requires that Mr. Johnson actually relied on General Mills'
3 alleged misrepresentations to bring his UCL claim, that requirement does not apply to
4 absent class members. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 321, 326 (2009)
5 (finding that Proposition 64 "was not intended to have any effect at all on unnamed
6 members of UCL class actions"). Indeed, "relief under the UCL is available without
7 individualized proof of deception, reliance and injury." *Id.* at 320; *see also In re Steroid*
8 *Hormone Prod. Cases*, 181 Cal. App. 4th 145, 154 (2010) (explaining that once the
9 named plaintiff meets standing requirements "no further individualized proof of injury or
10 causation is required to impose restitution liability [under the UCL] against the defendant
11 in favor of absent class members").

13    As the Supreme Court of California has explained in the UCL context, "'a
14 presumption, or at least an inference, of reliance arises whenever there is a showing that a
15 misrepresentation was material.'" *In re Tobacco II Cases*, 46 Cal. 4th at 327 (quoting
16 *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 977 (1997)). Similarly, a CLRA
17 claim can be litigated on a classwide basis when the "record permits an 'inference of
18 common reliance' to the class." *McAdams v. Monier, Inc.*, 182 Cal. App. 4th 174, 183
19 (2010) (quoting *Mass. Mut. Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1293
20 (2002)). A representation is material "if a reasonable man would attach importance to its
21 existence or nonexistence in determining his choice of action in the transaction in
22 question." *In re Tobacco II Cases*, 46 Cal. 4th at 327 (internal quotation marks omitted);
23 *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008)
24 (explaining that a concealed fact is "material" under the UCL if reasonable consumers are
25 likely to be deceived). This "objective standard . . . is susceptible to common proof."
26 *Wolph v. Acer Am. Corp.*, --- F.R.D. ----, No. C 09–01314 JSW, 2011 WL 1110754, at *9
27 (N.D. Cal. Mar. 25, 2011). And materiality is generally a question of fact for the jury. *In*
28 *re Tobacco II Cases*, 46 Cal. 4th at 327.

Accordingly, Mr. Johnson's UCL and CLRA claims present core issues of law and fact that are common and suitable for adjudication on a classwide basis. These issues include: (1) whether General Mills communicated a representation—through YoPlus packaging and other marketing, including television and print advertisements—that YoPlus promoted digestive health; (2) if so, whether that representation was material to individuals purchasing YoPlus; (3) if the representation was material, whether it was truthful; in other words, whether YoPlus does confer a digestive health benefit that ordinary[2] yogurt does not;[3] and (4) if reasonable California consumers who purchased YoPlus were deceived by a material misrepresentation as to YoPlus' digestive health benefit, what is the proper method for calculating their damages. The commonality requirement is also met here.

### 3. Typicality

Mr. Johnson's claims are sufficiently typical to satisfy Rule 23(a)(3). Under the requirement's "permissive standards," claims are typical if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Here, Mr. Johnson claims that he, like other reasonable consumers, purchased YoPlus in reliance on General Mills' representation that YoPlus promotes digestive health. He asserts that this representation was communicated by the packaging of YoPlus and by General Mills' marketing and advertising efforts including a television commercial that he saw. He further contends that YoPlus did not live up to this representation and that he suffered damages as a result. These assertions combined with Mr. Johnson's supporting evidence recently withstood General Mills' motion for summary judgment. *See* Dkt. # 109 at 4–5 (March 3, 2011 Order denying General Mills'

---

[2] By "ordinary," the Court refers to commercially available yogurts that are not specifically marketed as having a digestive health benefit.

[3] General Mills has contended that any such representation was true and well-supported by scientific evidence. *See, e.g.*, Mem. P. & A. Opp'n at 4–5.

motion for summary judgment). General Mills conceded at the March 7, 2011 hearing on the motion for class certification that it does not genuinely dispute that Mr. Johnson's claims are typical. *See* Resp. to Pl.'s Proposed Class Certification Order Ex. 2, at 15:6–7 (transcript of March 7, 2011 hearing). The typicality requirement is also met here.

### 4. Adequacy

Under Rule 23(a)(4)'s adequacy requirement, Mr. Johnson must establish that he "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining whether a proposed class representative will fairly and adequately protect the interests of the class, the Court asks two questions. First, do the proposed class representative and his counsel "have any conflicts of interest with other class members"? *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citing *Hanlon*, 150 F.3d at 1020). Second, will the proposed class representative and his counsel "prosecute the action vigorously on behalf of the class?" *Id.* There is no evidence that Mr. Johnson or his counsel have any conflicts of interest with proposed class members. In fact, Mr. Johnson's claims, as explained with respect to the typicality requirement, are aligned with the claims of proposed class members. Moreover, Mr. Johnson is represented by attorneys that have significant class action experience—including class action experience with respect to this particular product—that are capable of fairly and adequately representing Mr. Johnson and the proposed class. Indeed, General Mills further conceded at the March 7, 2011 hearing that it does not genuinely dispute that Mr. Johnson and his counsel satisfy the adequacy requirement. *See* Resp. to Pl.'s Proposed Class Certification Order Ex. 2, at 15:6–7 (transcript of March 7, 2011 hearing). Accordingly, the adequacy requirement is also met here.

//

//

### D. Rule 23(b)(3) Requirements

Mr. Johnson must also satisfy the predominance and superiority requirements of Rule 23(b)(3). For the reasons explained below, he meets those requirements.

#### 1. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). It is similar to the commonality requirement of Rule 23(a)(3). *Id.* at 623 n.18. But predominance is a more rigorous requirement than the Rule 23(a)(3) commonality prerequisite. *Hanlon*, 150 F.3d at 1019. The "main concern in the predominance inquiry . . . [is] the balance between individual and common issues." *Mevorah v. Wells Fargo Home Mortg. (In re Wells Fargo Home Mortg. Overtime Pay Litig.)*, 571 F.3d 953, 959 (9th Cir. 2009). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotation marks omitted). The predominance requirement may be "readily met in certain cases alleging consumer . . . fraud." *Amchem Prods.*, 521 U.S. at 626.

In this case, common issues underlying Mr. Johnson's UCL and CLRA claims predominate. As explained, the central issues raised by this suit concern an allegedly overriding, material misrepresentation that YoPlus promotes digestive health in a way that ordinary yogurt does not. According to Mr. Johnson, this misrepresentation was communicated by the packaging of YoPlus and further amplified by General Mills' marketing including television, newspaper, magazine, and internet advertisements. At this stage of the suit, Mr. Johnson has made a sufficient showing that the issues of (1)

whether General Mills made such a common and pervasive representation and (2) if so, whether that representation was material and would have deceived reasonable consumers, can be litigated on a classwide basis. General Mills' argument is unpersuasive that individual issues predominate because purchasers of YoPlus have been exposed to different mixes of packages and advertisements since General Mills has, over time, modified the packaging of YoPlus and the content and emphasis of its marketing materials. Contrary to General Mills' suggestion, individualized proof of deception and reliance are not necessary for Mr. Johnson to prevail on the class claims. Again, the common issue that predominates is whether General Mills' packaging and marketing communicated a persistent and material message that YoPlus promotes digestive health. *See Fitzpatrick v. General Mills, Inc.*, 263 F.R.D. 687, 700 (S.D. Fla. 2010) (finding that "[t]he digestive health benefit of Yo-Plus is a common and conspicuous theme found in every Yo-Plus advertisement that the Court has reviewed"), *vacated on other grounds by Fitzpatrick v. General Mills, Inc.*, --- F.3d ----, No. 10–11064, 2011 WL 1103005, at *3–4 (11th Cir. Mar. 25, 2011); *see also id.* at 697 ("Try as it might, General Mills cannot evade the unmistakable fact that the objective-and realization-of its marketing campaign was to present Yo-Plus to Florida consumers as a product that . . . aids in the promotion of digestive health."); *Wiener v. Dannon Co.*, 255 F.R.D. 658, 669 (C.D. Cal. 2009) (finding that, even if consumers were exposed to a mix of the defendant's marketing efforts, "the record clearly establishe[d] that [the defendant]'s alleged misrepresentations regarding the clinically proven health benefits of the [yogurt] [were] prominently displayed on all of the [yogurt]'s packaging, a fact that [the defendant] ha[d] never contested").[4]

---

[4] Ultimately, whether Mr. Johnson or General Mills is right on these issues need not be determined at this stage. What matters is that these significant common issues can be litigated on a classwide basis. General Mills may file the appropriate motion to decertify or for partial summary judgment if after conducting discovery it believes the class is overinclusive.

Other common issues of great importance to this litigation are also subject to classwide litigation and common proof, further evidencing that common issues predominate. Most importantly, General Mills could defeat the claims of the entire class by proving that YoPlus promotes digestive health in the manner that General Mills allegedly represented. The digestive health benefit of YoPlus, or the lack thereof, is a common issue that is particularly appropriate for classwide resolution because it will turn on complex and expensive scientific evidence and expert testimony. Litigation of this issue in individual cases would not only be extraordinarily duplicative and wasteful, it would exponentially increase the likelihood that courts and juries would reach inconsistent decisions. The predominance requirement is satisfied here.

### 2. Superiority

Finally, it is apparent that a class action would be a superior method for resolving these common issues. A class action may be superior "[w]here classwide litigation of common issues will reduce litigation costs and promote grater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). It is also superior when "no realistic alternative" to a class action exists. *Id.* at 1234–35. In deciding whether a class action would be a superior method for resolving the controversy, the Court considers factors including: (1) the class members' interest in individually controlling the prosecution or defense of separate actions, (2) the extent and nature of any litigation concerning the controversy already begun by or against class members, (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)–(D).

These factors clearly favor classwide resolution of Mr. Johnson's UCL and CLRA claims. In a consumer class action of this type involving the purchase of a relatively

inexpensive food product, injured consumers are extremely unlikely to pursue their claims on an individual basis. That is especially true here given the great expense that would fall on individual class members if each class member had to provide scientific evidence and expert testimony in separate cases. Although there are similar YoPlus actions pending against General Mills in other jurisdictions, it does not appear that those suits raise California state law claims on behalf of a class of California purchasers. This forum is appropriate for the resolution of such claims. Additionally, the likely difficulties of managing this suit on a classwide basis are manageable and should be undertaken in light of the significant common issues that exist and predominate over individual issues.

## III.  CONCLUSION

For the foregoing reasons, Mr. Johnson's motion for class certification is GRANTED. The Court GRANTS Mr. Johnson's motion to certify his UCL and CLRA claims for all persons who purchased YoPlus in the State of California from the date YoPlus was first sold in California to the date notice is first provided to the Class.[5] The

---

[5] Prior to the hearing on Mr. Johnson's motion for class certification, General Mills' papers represented that YoPlus had been sold in three different generations of packaging. *See* Mand Decl. Supp. Opp'n ¶ 24 ("There have been three different versions of the YoPlus outer wrap . . . ."). General Mills explained that the first generation packaging was "in place from July 2007 through August 2008," the second generation packaging was "in place from September 2008 until December 2009," and the third generation packaging had been "in place since January 2010." *Id.*; *see also id.* ¶¶ 30–32. At the March 7, 2011 hearing on this motion, General Mills represented for the first time that YoPlus is now being sold in a fourth generation packaging, which General Mills argued does not suggest that YoPlus has a digestive health benefit. At the hearing, Mr. Johnson disputed General Mills' characterization of the fourth generation packaging. In any event, General Mills' representations regarding the fourth generation packaging were not evidence properly before the Court for resolution of the class certification issue. Nor is the fourth generation packaging properly before the Court now that General Mills has attached an image of it as an exhibit to its response to Mr. Johnson's proposed order. The Court permitted General Mills to file a response to Mr. Johnson's proposed order to provide argument as to the content of the proposed order, not as an avenue to introduce new evidence that General Mills had previously failed to timely introduce into the record. To the extent that General Mills believes that the class should not include persons that purchased YoPlus contained in the fourth generation packaging, General Mills is free to file the appropriate motion for partial decertification or partial summary judgment.

1  Court also GRANTS Mr. Johnson's request that he be appointed as the class
2  representative as well as his request that Blood Hurst & O'Reardon, LLP and Robbins
3  Gellar Rudman & Dowd, LLP be appointed as class counsel.

4
5     DATED:    April 20, 2011

                                                                 CORMAC J. CARNEY
                                     UNITED STATES DISTRICT JUDGE