ROBBINS GELLER RUDMAN
  & DOWD LLP
CULLIN A. O'BRIEN
STUART A. DAVIDSON
MARK J. DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
cobrien@rgrdlaw.com
sdavidson@rdrdlaw.com
mdearman@rgrdlaw.com

BLOOD HURST & O'REARDON, LLP
THOMAS J. O'REARDON II (247952)
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)toreardon@bholaw.com

Rule 23(g) Appointed Counsel for Plaintiff
and the Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH JOHNSON, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MILLS, INC. and YOPLAIT USA, INC.,<br><br>Defendants. | Case No.: 8:10-CV-00061-CJC(ANx)<br><br>CLASS ACTION<br><br>**STIPULATION OF SETTLEMENT**<br><br>Judge: Hon. Cormac J. Carney<br>Courtroom: 9B<br><br>Date Filed: 01/14/2010<br>Trial Date: TBD |

1

**TABLE OF CONTENTS**

**PAGE NO.**

2

I. RECITALS ........................................................................................................... 1

II. DEFINITIONS ..................................................................................................... 2

III. CERTIFICATION OF THE SETTLEMENT CLASS AND FILING OF THE AMENDED COMPLAINT .................................................. 7

IV. SETTLEMENT RELIEF ..................................................................................... 8

V. CLAIM FORM SUBMISSION AND REVIEW ................................................. 9

VI. RETENTION OF THE SETTLEMENT ADMINISTRATOR ......................... 10

VII. NOTICE TO THE SETTLEMENT CLASS ..................................................... 11

VIII. OBJECTIONS, REQUESTS FOR EXCLUSION, and MEDIA COMMUNICATIONS ....................................................................................... 13

IX. RELEASES ........................................................................................................ 16

X. ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF SERVICE AWARDS ........................................................................................ 18

XI. FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT ............. 19

XII. REPRESENTATIONS AND WARRANTIES ................................................. 19

XIII. NO ADMISSIONS, NO USE ........................................................................... 20

XIV. TERMINATION OF THIS AGREEMENT ..................................................... 20

XV. MISCELLANEOUS PROVISIONS ................................................................. 21

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF EXHIBITS

| Document | Exhibit Number |
|---|---|
| Final Judgment and Order Approving Settlement | 1 |
| Claim Form | 2 |
| Claims Protocol | 3 |
| Long-form Notice | 4 |
| Short-form Notice | 5 |
| Class Notice Plan | 6 |
| Preliminary Approval Order | 7 |

## I. RECITALS

A. This Stipulation of Settlement is entered into by and among Plaintiff Jeremiah Johnson ("Plaintiff"), on behalf of himself and the Settlement Class Members, and Defendants, and resolves in full this Action and the Other Actions. Capitalized terms used herein are defined in Section II of this Agreement or indicated in parentheses elsewhere in this Agreement. Subject to Court approval as required by the applicable Federal Rules of Civil Procedure, and as provided herein, the Parties hereby stipulate and agree that, in consideration for the promises and covenants set forth in the Agreement and upon the entry by the Court of a Final Judgment and Order Approving Settlement and the occurrence of the Effective Date, this Action and the Other Actions shall be settled and compromised upon the terms and conditions contained herein.

B. WHEREAS, on January 14, 2010, Plaintiff filed a class action complaint against General Mills in the United States District Court for the Central District of California captioned *Jeremiah Johnson v. General Mills, Inc. et al.*, case no. SACV-10-00061-JVS (ANx) ("*Johnson*"), on behalf of himself and all other consumers who purchased YoPlus® branded products; and

C. WHEREAS, three other consumer class action cases arising out of the same facts and circumstances as alleged in *Johnson* were also filed in district courts in Florida, New Jersey and Ohio; and

D. WHEREAS, counsel for all Parties have reached the resolution set forth in this Agreement, providing for, among other things, the settlement of the Action between and among Plaintiff, on behalf of himself and the Settlement Class, and General Mills, on the terms and subject to the conditions set forth below; and

E. WHEREAS, the Parties agree that throughout the course of the litigation, all parties and their counsel complied with the provisions of Federal Rule of Civil Procedure 11; and

F. WHEREAS, Class Counsel have determined that a settlement of the Action and the Other Actions on the terms reflected in this Agreement is fair, reasonable, adequate, and in

the best interests of Plaintiff and the Settlement Class; and

G. WHEREAS, General Mills, to avoid the costs, disruption and distraction of further litigation, and without admitting the truth of any allegations made in the Action or the Other Actions, or any liability with respect thereto, has concluded that it is desirable that the claims against it be settled and dismissed on the terms reflected in this Agreement;

H. NOW, THEREFORE, this Agreement is entered into by and among the Parties, by and through their respective counsel and representatives, and the Parties agree that: (1) upon the Effective Date, the Action and all Released Claims shall be settled and compromised as between Plaintiff and the Settlement Class on the one hand, and General Mills on the other hand; (2) upon final approval of the Agreement the Final Judgment and Order Approving Settlement, substantially in the form attached as Exhibit 1 hereto, shall be entered dismissing the Action with prejudice and releasing all Released Claims against the Released Parties, on the following terms and conditions; and (3) all necessary steps shall be taken to secure the dismissal of the Other Actions with prejudice.

## II.   DEFINITIONS

A. As used in this Agreement and the attached exhibits (which are an integral part of the Agreement and are incorporated in their entirety by reference) the following terms shall have the meanings set forth below, unless this Agreement specifically provides otherwise:

1. "Action" means *Johnson, et al. v. General Mills,* Case No. SACV-10-00061-JVS(ANx) (C.D. Cal.).

2. "Agreement" means this Stipulation of Settlement (including all Exhibits attached hereto).

3. "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court based on the stipulation described herein to compensate Class Counsel and all other Plaintiffs' Counsel as determined by the Court, as described more particularly in Section X of this Agreement.

4. "Authorized Claimant" means any Settlement Class Member who submits a valid Claim Form.

5. "Award" means the relief obtained by Settlement Class Members pursuant to Section IV of this Agreement.

6. "Claim" means a request for relief submitted by a Settlement Class Member on a Claim Form submitted to the Settlement Administrator in accordance with the terms of the Agreement.

7. "Claim Form" means the form to be used by a Settlement Class Member to submit a Claim to the Settlement Administrator. The proposed Claim Form is subject to Court approval and attached hereto as Exhibit 2.

8. "Claims Deadline" means the date by which all Claim Forms must be postmarked or submitted online to the Settlement Administrator to be considered timely. The Claims Deadline shall be stated in the Class Notice, the Settlement Website, and in the Claim Form, and shall be no later than 60 days after the date first set by the Court for the Final Approval Hearing.

9. "Claims Protocol" means the protocol for reviewing and approving claims, attached as Exhibit 3.

10. "Class Notice" or "Notice" means the forms of notice to be disseminated to Settlement Class Members informing them about the settlement Agreement. Copies of each of the proposed Notices are attached respectively as Exhibits 4 ("Long-form Notice") and 5 ("Short-form Notice").

11. "Class Representative" means plaintiff Jeremiah Johnson.

12. "Class Counsel" means Cullin A. O'Brien of Robbins Geller Rudman & Dowd LLP, and Thomas J. O'Reardon II of Blood Hurst & O'Reardon, LLP.

13. "Court" means the United States District Court for the Central District of California, the Honorable Cormac J. Carney presiding.

14. "Defendants" and "General Mills" mean, collectively, General Mills, Inc. and Yoplait USA, Inc.

15. "Effective Date" means the later in time of: (a) the date of entry of the Final Judgment and Order Approving Settlement, if no timely motions for reconsideration

and/or no appeals or other efforts to obtain review have been filed; or (b) in the event that an appeal or other effort to obtain review has been initiated, the date after such appeal or other review has been finally concluded and is no longer subject to review, whether by appeal, petitions for rehearing, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise.

16. "Eligible Claims" means claims submitted by Authorized Claimants against the Settlement Fund.

17. "Escrow Agent" means the escrow agent agreed upon by the parties and approved by the Court to hold funds pursuant to the terms of this Agreement.

18. "Final Approval Hearing" means the hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Agreement.

19. "Final Judgment and Order Approving Settlement" means the Final Judgment and Order Approving Settlement to be entered by the Court, substantially in the form of Exhibit 1 approving the settlement, as fair, adequate, and reasonable, confirming the certification of the Settlement Class, and issuing such other findings and determinations as the Court and/or the Parties deem necessary and appropriate to implement the Settlement Agreement.

20. "General Mills' Counsel" means the following counsel of record for Defendants: Jerry W. Blackwell and Benjamin W. Hulse of Blackwell Burke P.A.

21. "Motion for Preliminary Approval of Settlement" means the motion, to be filed by jointly by the Parties, for Preliminary Approval of this Agreement.

22. "Notice and Claim Administration Expenses" means all costs and expenses incurred by the Settlement Administrator, including all notice expenses, the cost of administering the Notice Program and the costs of processing all Claims made by Settlement Class Members.

23. "Notice Date" means the date by which the Settlement Administrator substantially completes dissemination of the Class as provided in the Agreement and shall be

1   no later than 60 days after the Court enters an order granting Preliminary Approval of this
2   Settlement.

3          24.    "Objection Date" means the date by which Settlement Class Members
4   must file and serve objections to the settlement and shall be no later than 30 days before the
5   date first set for the Final Approval Hearing.

6          25.    "Opt Out Date" means the postmark date by which a Request for
7   Exclusion must be submitted to the Settlement Administrator in order for a Settlement Class
8   Member to be excluded from the Settlement Class, and shall be no later than 30 days before
9   the date first set for the Final Approval Hearing.

10         26.    "Other Actions" means *Julie Fitzpatrick v. General Mills, Inc. &
11  Yoplait USA, Inc.*, United States District Court for the Southern District of Florida, Miami
12  Division, Case No. 09-60412-CIV-HUCK/BANDSTRA; *Nipul S Amin v. General Mills, Inc.
13  & Yoplait USA, Inc.*, United States District Court of New Jersey, Case No. 2:10-CV-00305-
14  FSH(PS); and *Melissa Brock v. General Mills, Inc. & Yoplait USA, Inc.*, United States District
15  Court for the Northern District of Ohio, Eastern Division, Case No. 1:10-CV-00060.

16         27.    "Other Plaintiffs" means the plaintiffs in the Other Actions as of the
17  date of execution of this Stipulation.

18         28.    "Parties" means Plaintiff and Defendants.

19         29.    "Plaintiff" means Jeremiah Johnson.

20         30.    "Plaintiffs' Counsel" means the following counsel of record: Robbins
21  Geller Rudman & Dowd LLP; Blood Hurst & O'Reardon, LLP; Law Offices of Cameron J.
22  Gharabiklou; Shepherd Finkelman Miller & Shah, LLP; Wilcox, Peca, Tarantino & Garofoli
23  Co., LPA; Balkan & Patterson, LLP; Piscitelli Law Firm; Gilman and Pastor, LLP; Emerson
24  Poynter, LLP; and Saxena White P.A.

25         31.    "Preliminary Approval Order" means the order to be entered by the
26  Court, substantially in the form of Exhibit 7, preliminarily approving the Settlement, certifying
27  the Settlement Class, setting the date of the Final Approval Hearing, approving the Notice
28  Program, Class Notice, and Claim Form, and setting the Opt Out Date, Objection Date, and

Notice Date.

32. "Proof of Purchase" means documentation or other evidence reasonably establishing the purchase of YoPlus, as the Settlement Administrator may determine in accordance with the Claims Protocol.

33. "Released Claims" and "Released Parties" mean those claims and parties released of liability under Section IX.

34. "Request for Exclusion" means the written communication that must be submitted to the Settlement Administrator and postmarked on or before the Opt Out Date by a Settlement Class Member who wishes to be excluded from the Settlement Class.

35. "Residual Settlement Amount" means any amount remaining in the Settlement Fund after payment of Notice and Claim Administration Expenses, necessary taxes and tax expenses, the Fee and Expense Award and Eligible Claims.

36. "Settlement Administrator" means the entity(ies) retained by the Parties and approved by the Court to design and implement the program for disseminating Notice to the Class, administer the claims portion of this settlement, and perform overall administrative functions.

37. "Settlement Class" and "Settlement Class Member(s)" each means all persons who purchased YoPlus® branded products in the United States from July 26, 2007 to July 5, 2012. Excluded from the Settlement Class are: (i) those who purchased for the YoPlus® branded products for the purpose of resale; (ii) those with claims for personal injuries arising from the ingestion of one or more YoPlus® branded products; (iii) Defendants and their officers, directors and employees; (iv) any person who files a valid and timely Request for Exclusion; and (v) the Judges to whom this Action and the Other Actions are assigned and any members of their immediate families.

38. "Settlement Fund" means the amount of $8.5 million.

39. "Settlement Website" means the Internet website to be established for this settlement by the Settlement Administrator to provide information to the public and the Settlement Class about this Agreement and to permit Settlement Class Members to submit

Claims online.

40. "YoPlus Unit" means a single package of YoPlus as sold at retail. Most commonly, a YoPlus Unit will be a package with four containers of YoPlus.

B. Other capitalized terms in this Agreement but not defined in Section II.A. shall have the meanings ascribed to them elsewhere in this Agreement.

### III. CERTIFICATION OF THE SETTLEMENT CLASS AND FILING OF THE AMENDED COMPLAINT

**Certification of the Settlement Class**

1. This Agreement is for settlement purposes only, and neither the fact of, nor any provision contained in this Agreement, nor any action taken hereunder, shall constitute or be construed as an admission of: (a) the validity of any claim or allegation by Plaintiff, or of any defense asserted by General Mills, in the Action or the Other Actions; or (b) any wrongdoing, fault, violation of law, or liability on the part of any Party, Released Party, Settlement Class Member, or their respective counsel.

2. As part of the Motion for Preliminary Approval of Settlement, Plaintiff will seek certification of the Settlement Class. General Mills hereby consents, solely for purposes of the Agreement, to the certification of the Settlement Class, to the appointment of Class Counsel, and to the approval of Plaintiff as a suitable representative of the Settlement Class; provided, however, that if the Court fails to approve this Agreement or the Agreement otherwise fails to be consummated, then General Mills shall retain all rights it had immediately preceding the execution of this Agreement to object to the maintenance of the Action as a class action.

**Filing of Amended Complaint**

Plaintiff shall file a Second Amended Class Action Complaint ("Second Amended Complaint").

**Dismissal of Actions**

Upon final approval of the Settlement by the Court, the Final Judgment and Order Approving Settlement, substantially in the form attached hereto as Exhibit 1, will be entered

by the Court, providing for the dismissal of this Action with prejudice and providing that, by operation of law, the Other Actions are dismissed with prejudice.

## IV. SETTLEMENT RELIEF

### A. Settlement Fund and Cash Payments

1. General Mills shall establish the Settlement Fund in the amount of $8.5 million by depositing with the Escrow Agent this amount within ten (10) court days from entry of the Preliminary Approval Order.

2. A Settlement Class Member is entitled to obtain $4 for each purchase of a YoPlus Unit purchased during the Settlement Class Period. To receive settlement relief, each claimant must submit a valid and timely Claim Form either by mail or electronically. Claimants may recover payment for more than 13 YoPlus Units by submitting a Claim Form signed under penalty of perjury and providing Proof of Purchase for the YoPlus Units for which payment is sought. The actual amount paid to individual Claimants will depend upon the number of valid claims made. For each claim made for a subject purchase or purchases, the Claimant must include in the Claim the number of YoPlus Units purchased. Failure to state the amount purchased will result in the payment for one (1) YoPlus Unit. Adequate and customary procedures and standards will be used by the Claims Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.

### B. Disbursements from the Settlement Fund

1. In accordance with the payment schedule set forth in this Agreement, money from the Settlement Fund shall be applied as follows:

　　a. First, to pay Notice and Claim Administration Expenses;

　　b. Next, to pay any necessary taxes and tax expenses;

　　c. Next, to pay Plaintiff's Counsel's attorneys' fees and expenses in the amount awarded by the Court (the "Fee and Expense Award");

　　d. Next, to pay the plaintiff service awards as provided in § X; and

　　e. Then to pay Eligible Claims.

The Settlement Fund less the money used from the Settlement Fund to pay Notice and Claim