1  Administration Expenses, taxes and tax expenses, a the Fee and Expense Award the plaintiff service awards is the "Net Settlement Fund."

2. If the aggregate amount of Eligible Claims exceeds the Net Settlement Fund, Eligible Claims will be reduced *pro rata*.

3. In accordance with the *cy pres* doctrine, any amount remaining in the Settlement Fund after payment of Notice and Claim Administration Expenses, necessary taxes and tax expenses, the Fee and Expense Award, the plaintiff service awards, and Eligible Claims (the "Residual Settlement Amount") shall, subject to Court approval, be paid to the National Consumer Law Center (25% of this Residual Settlement Amount) and the Mayo Clinic (75% of this Residual Settlement Amount) pursuant to the *cy pres* doctrine.

## V. CLAIM FORM SUBMISSION AND REVIEW

A. Settlement Class Members may submit a Claim for settlement relief and the Settlement Administrator shall review and process the Claim pursuant to the Claims Protocol, which is attached hereto as Exhibit 3.

B. Claim Forms will be distributed as part of the Notice Program as described below, available for on-line submission from the Settlement Website, available for download from the Settlement Website, and upon request will be mailed or emailed to Settlement Class Members by the Settlement Administrator. The Claim Form will also be available for download, at their option, from Class Counsel's websites and may be submitted to the Settlement Administrator by U.S. mail or other regularly maintained mail delivery service.

C. The Settlement Administrator shall provide periodic updates to the Class Counsel and General Mills regarding Claim Form submissions beginning not later than one week before the Final Approval Hearing date and continuing on a monthly basis thereafter.

D. The Settlement Administrator shall begin to pay Eligible Claims not before the later in time of (i) ten (10) days after the Claims Deadline and (ii) ten (10) days after the Effective Date. The Settlement Administrator shall have completed the payment of Eligible Claims by thirty (30) days after the later in time of (i) the Effective Date and (ii) the Claims Deadline.

1  E. All Notice and Claim Administration Expenses shall be paid from the Settlement Fund.

## VI. RETENTION OF THE SETTLEMENT ADMINISTRATOR

A. Class Counsel, subject to the approval of General Mills, which approval shall not be unreasonably withheld, shall retain a Settlement Administrator to help implement the terms of the proposed Agreement. .

1. The Settlement Administrator(s) shall assist with various administrative tasks, including, without limitation, (1) mailing or arranging for the mailing, emailing or other distribution of the Long-form Notice and Claim Forms to Settlement Class Members who so request, (2) arranging for publication of the Short-form Notice, (3) handling returned mail and email not delivered to Settlement Class Members, (4) attempting to obtain updated address information for Settlement Class Members and for any notices returned without a forwarding address or an expired forwarding address, (5) making any additional mailings required under the terms of this Agreement, (6) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee, (7) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion to the settlement, (8) establishing the Settlement Website that posts notices, Claim Forms and other related documents, (9) establishing a toll-telephone number that will provide settlement-related information to Settlement Class Members, (10) receiving and processing claims and distributing payments to Settlement Class Members, and (11) otherwise assisting with administration of the Agreement.

B. The contract(s) with the Settlement Administrator(s) shall obligate the Administrator to abide by the following performance standards:

1. The Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Agreement in communications with Settlement Class Members;

2. The Administrator shall provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, General Mills and/or General

Mills' Counsel.

VII. **NOTICE TO THE SETTLEMENT CLASS**

**Notice**

1. No later than 60 days after the entry by the Court of an order granting Preliminary Approval, the Settlement Administrator shall substantially complete the dissemination of Class Notice to potential Settlement Class Members. The Parties agree that notice by national publication is the best means under the circumstances of this case to effect notice to the Settlement Class and that the Notice Program outlined in Exhibit 6 comports with the requirements of due process. Notice shall be disseminated pursuant to the Notice Program set forth in Exhibit 6 on or before the Notice Date. Copies of the proposed forms of Class Notice and the Notice Program are attached as Exhibits 3, 4 and 6.

2. At or prior to the Final Approval Hearing, the Settlement Administrator shall provide the Court with an affidavit attesting that Notice was disseminated pursuant to the Notice Program set forth below.

**Notice Program**

**Long-form Notice**

The Class Notice delivered to Settlement Class Members shall be in substantially the form of Exhibit 4, attached hereto. At a minimum, the Long-form Notice shall: (a) include a short, plain statement of the background of the Action and the proposed Agreement; (b) describe the proposed settlement relief as set forth in this Agreement; (c) inform Settlement Class Members that, if they do not exclude themselves from the Settlement Class, they may be eligible to receive relief; (d) describe the procedures for participating in the settlement including all applicable deadlines and advise Settlement Class Members of their rights, including their right to submit a Claim to receive an Award under the Agreement by submitting the enclosed Claim Form; (e) explain the scope of the Release; (f) state that any Award to Settlement Class Members under the Agreement is contingent on the Court's final approval of the Agreement; (g) state the identity of Class Counsel and the amount sought in attorneys' fees and expenses; (h) explain the procedures for opting out of the Settlement Class

including the applicable deadline for opting out; (i) explain the procedures for objecting to the Agreement including the applicable deadline; and (j) explain that any judgment or orders entered in the Action or the Other Actions, whether favorable or unfavorable to the Settlement Class shall include and be binding on all Settlement Class Members who have not been excluded, even if they have objected to the proposed Agreement and even if they have another claim, lawsuit or proceeding pending against General Mills.

**Short-form Notice**

The Settlement Administrator shall cause to be published in accordance with the terms set forth below, a short form of the Class Notice. The Short-form Notice shall be in substantially the form attached hereto as Exhibit 5 and shall at a minimum, include the web address of the Settlement Website and a telephone number for the Settlement Administrator, the class definition, a brief description of relief available to the Settlement Class Members and the right to object and/or opt-out of the Class and the deadlines to exercise these rights.

**Dissemination of the Class Notice**

1. Publication Notice: No later than 60 days after the entry by the Court of an order granting Preliminary Approval, the Settlement Administrator shall substantially complete the dissemination of the Short-form Notice, which shall be published in accordance with the Notice Plan set forth in Exhibit 6. As set forth in Exhibit 6, publication will include print and online media.

2. Posting of the Notice: No later than 10 days from an Order of Preliminary Approval, the Settlement Administrator will post the Long-form Notice and Claim Form on the Settlement Website. The Long-form Notice and Claim Form shall remain available by these means until the Effective Date. The Long-form Notice and/or the Short-form Notice and the Claim Form may also be posted on the websites of Class Counsel at their option.

3. Upon Request: The Long-form Notice and the Claim Form shall also be sent via electronic mail or regular mail to Settlement Class Members who so request.

## VIII. OBJECTIONS, REQUESTS FOR EXCLUSION, AND MEDIA COMMUNICATIONS

**Objections**

1. Any Settlement Class Member who intends to object to the fairness of the Settlement must do so in writing no later than the Objection Date. The written objection must be filed with the Court and served on the Class Counsel identified in the Notice and General Mills' Counsel no later than the Objection Date. The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a statement that the objector purchased YoPlus during the class period; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's signature.

2. Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees. Settlement Class Members or their attorneys who intend to make an appearance at the Final Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice and to General Mills' counsel, and file the notice of appearance with the Court, no later than twenty (20) days before the Final Approval Hearing, or as the Court may otherwise direct.

3. Any Settlement Class Member who fails to comply with the provisions of Section V.III.A above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

**Requests for Exclusion**

1.  Any member of the Settlement Class may request to be excluded from the Settlement Class. A Settlement Class Member who wishes to opt out of the Settlement Class must do so no later than Opt Out Date. In order to opt out, a Settlement Class Member must send to the Settlement Administrator a written Request for Exclusion that is post-marked no later than the Opt Out Date. The Request for Exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class.

2.  Any Settlement Class Member who does not file a timely written Request for Exclusion shall be bound by all subsequent proceedings, orders and the Final Judgment and Order Approving Settlement in this Action, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against Defendants relating to the Released Claims.

3.  Any Settlement Class Member who properly requests to be excluded from the Settlement Class shall not: (a) be bound by any orders or judgments entered in the Action or the Other Actions relating to the Agreement; (b) be entitled to an Award from the Settlement Fund, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Agreement.

4.  The Settlement Administrator shall provide Class Counsel and General Mills' Counsel with a final list of all timely Requests for Exclusion within five (5) business days after the Opt Out Date. Plaintiff shall file the final list of all timely Requests for Exclusion prior to or at the Final Approval Hearing.

5.  Notwithstanding anything else in this Agreement, General Mills may, in its sole discretion, unilaterally withdraw from and terminate this Agreement no later than ten (10) days prior to the Final Approval Hearing if those Persons who elect to exclude themselves from the Class number more than 5,000.

**Media Communications**

1. Following the issuance of an order preliminarily approving this Agreement and providing for dissemination of the Class Notice, the Parties agree that they may issue a joint press release, the content of which must first be agreed by Defendants and Class Counsel. Defendants and Class Counsel may post the joint press release on Defendants' website and Class Counsel's websites, if they so choose.

2. The Parties agree that representatives of Blood Hurst & O'Reardon, LLP and Robbins Geller Rudman & Dowd LLP are the sole people authorized to respond on behalf of Plaintiff, Other Plaintiffs, and Plaintiffs' Counsel to media inquiries or requests for comments with respect to the Settlement or the underlying subject matter. Plaintiffs' Counsel will refer all such inquiries or requests to Blood Hurst & O'Reardon, LLP and Robbins Geller Rudman & Dowd LLP. Blood Hurst & O'Reardon, LLP and Robbins Geller Rudman & Dowd LLP will consult with General Mills' Counsel and General Mills' Counsel will consult with Blood Hurst & O'Reardon, LLP and Robbins Geller Rudman & Dowd LLP about the content of any such proposed response and they will reach an agreement with respect to the same, which agreement shall be consistent with the content and purposes of this stipulation and the proposed Settlement.

3. Nothing herein will prohibit Blood Hurst & O'Reardon, LLP, Robbins Geller Rudman & Dowd LLP or General Mills' Counsel from responding to routine questions about the Settlement, the Action and the Other Actions so as to permit timely responses to media inquiries consistent with the language of the joint press release or any agreements or agreed announcements.

4. Defendants and Plaintiffs' Counsel agree that Blood Hurst & O'Reardon, LLP and Robbins Geller Rudman & Dowd LLP, on behalf of Plaintiff, Other Plaintiffs, and Plaintiffs' Counsel, on the one hand, and Defendants or General Mills' Counsel, on the other hand, may issue public statements or announcements concerning the pending Action and Other Actions and the Agreement, including but not limited to statements regarding positions taken by the Parties in the Action and Other Actions and Agreement, to the

1  extent they deem necessary and appropriate, provided those statements or comments are
2  consistent with the joint press release or any agreements or agreed announcements.
3         5.    It is the intent of the Parties to provide useful information about the
4  Settlement and to provide reasonably neutral descriptions about the Action and Other Actions,
5  while not making inflammatory statements. Except as expressly permitted by § VIII, the
6  Parties will not make any public statements about the Agreement or any of the allegations or
7  claims made in the Action or Other Actions.

## IX. RELEASES

A. The Agreement shall be the sole and exclusive remedy for any and all Released Claims of all Releasing Parties against all Released Parties. No Released Party shall be subject to liability of any kind to any Releasing Party with respect to any Released Claim. Upon the Effective Date, and subject to fulfillment of all of the terms of this Agreement, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party in any court or any forum.

B. The following terms have the meanings set forth herein:

1. "Released Claims" means any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Persons, including damages, costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity arising out of or relating to statements concerning claims made by the Released Person in connection with the Released Persons' advertising, marketing, packaging, promotion, sale and distribution of YoPlus® branded products, which have been asserted or which could reasonably have been asserted by the Releasing Parties in the Action or the Other Actions, including but not limited to claims alleging any type of fraud, misrepresentation, breach of warranty, unjust enrichment or unfair trade practice under any state or federal law, but not including claims for personal injury.

2. "Released Parties" means General Mills, Inc. and Yoplait USA, Inc., including all of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present and future officers,

1  directors, employees, stock-holders, partners, agents, servants, successors, attorneys, insurers,
2  representatives, licensees, licensors, subrogees and assigns.  It is expressly understood that, to
3  the extent a Released Party is not a Party to the Agreement, all such Released Parties are
4  intended third-party beneficiaries of the Agreement.

5              3.      "Releasing Parties" means Plaintiff and each and every Settlement Class
6  Member.

7       C.     On the Effective Date, each Releasing Party shall be deemed to have released
8  and forever discharged each of the Released Parties of and from any and all liability for any
9  and all Released Claims.

10      D.     With respect to any and all Released Claims, and upon the Effective Date
11 without further action, for good and valuable consideration, Plaintiff, on behalf of himself and
12 the Settlement Class and as the representative of the Settlement Class, shall expressly, and
13 Releasing Parties shall be deemed to, and by operation of the Final Judgment and Order
14 Approving Settlement shall, to the fullest extent permitted by law, fully, finally, and forever
15 expressly waive and relinquish with respect to the Released Claims, any and all provisions,
16 rights, and benefits of Section 1542 of the California Civil Code and any and all similar
17 provisions, rights, and benefits conferred by any law of any state or territory of the United
18 States or principle of common law that is similar, comparable, or equivalent to Section 1542 of
19 the California Civil Code, which provides:

> "A general release does not extend to claims which the creditor
> does not know or suspect to exist in his or her favor at the time
> of executing the release, which if known by him or her must
> have materially affected his or her settlement with the debtor."

23      E.     On the Effective Date, each of the Released Parties shall be deemed to have
24 released and forever discharged each of the Releasing Parties and their respective counsel,
25 including Plaintiffs' Counsel, for all claims arising out of or relating to the institution,
26 prosecution and resolution of the Action and Other Actions, except to enforce terms and
27 conditions contained in this Agreement.