1    F.    The Parties agree that the Court shall retain exclusive and continuing

2    jurisdiction over the Parties and the Settlement Class Members to interpret and enforce the

3    terms, conditions, and obligations under the Agreement.

4    **X.    ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF SERVICE AWARDS**

5    A.    The award of attorneys' fees and expenses will be paid out of the Settlement

6    Fund as set forth in Section IV.B above.  Class Counsel shall make, and General Mills agrees

7    not to oppose, an application for an award of attorneys' fees not to exceed 30% of the

8    Settlement Fund and for an award of out-of-pocket expenses reasonably incurred in the

9    prosecution of the Action and the Other Actions, which shall be for attorneys' fees and out-of-

10   pocket expenses in the Action and the Other Actions.  The application for an award of

11   attorneys' fees and expenses will be made by Class Counsel on behalf of themselves and Other

12   Plaintiffs' Counsel.  Class Counsel shall be responsible for allocating and distributing the

13   attorneys' fees and expense award to Plaintiffs' Counsel.

14   B.    The attorneys' fees and expenses awarded by the Court shall be paid from the

15   Settlement Fund to Class Counsel within ten (10) calendar days after entry of the Final

16   Judgment and Order Approving Settlement setting forth the amount awarded in attorneys' fees

17   and expenses.  If the Final Judgment and Order Approving Settlement is reversed, vacated,

18   modified, and/or remanded for further proceedings or otherwise disposed of in any manner

19   other than one resulting in an affirmance of the Final Judgment and Order Approving

20   Settlement, then Class Counsel and the Other Plaintiffs' Counsel shall, within 30 days of such

21   event, repay to the Settlement Fund as applicable the full amount of the attorneys' fees and

22   expenses or repay the amount by which the award as been reduced.

23   C.    General Mills agrees not to oppose an application for plaintiff service awards in

24   the amount of one thousand five hundred dollars ($1,500) to Plaintiff and the Other Plaintiffs,

25   each.  The service awards to these plaintiffs will be in addition to the other consideration to the

26   Settlement Class Members as set forth in Section IV.A.2 above.

27   D.    The plaintiff service awards approved by the Court up to the amount identified

28   above are in addition to the benefits that these plaintiffs are entitled to receive as Settlement

1    Class Members and Authorized Claimants.

2    **XI.    FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT**

3    This Agreement is subject to and conditioned upon the issuance by the Court of the

4    Final Judgment and Order Approving Settlement that finally certifies the Settlement Class for

5    the purposes of this settlement, grants final approval of the Agreement, and provides the relief

6    specified herein, which relief shall be subject to the terms and conditions of the Agreement and

7    the Parties' performance of their continuing rights and obligations hereunder.   Such Final

8    Judgment and Order Approving Settlement shall be in substantially the form attached hereto as

9    Exhibit 1.

10   **XII.   REPRESENTATIONS AND WARRANTIES**

11   A.    General Mills represents and warrants:  (1) that it has the requisite corporate

12   power and authority to execute, deliver and perform the Agreement and to consummate the

13   transactions contemplated hereby; (2) that the execution, delivery and performance of the

14   Agreement and the consummation by it of the actions contemplated herein have been duly

15   authorized by necessary corporate action on the part of General Mills; and (3) that the

16   Agreement has been duly and validly executed and delivered by General Mills and constitutes

17   its legal, valid and binding obligation.

18   B.    Plaintiff represents and warrants that he is entering into the Agreement on

19   behalf of himself individually and as a proposed representative of the Settlement Class

20   Members, of his own free will and without the receipt of any consideration other than what is

21   provided in the Agreement or disclosed to, and authorized by, the Court.  Plaintiff represents

22   and warrants that he has reviewed the terms of the Agreement in consultation with Class

23   Counsel and believes them to be fair and reasonable, and covenant that he will not file a

24   Request for Exclusion from the Settlement Class or object to the Agreement.  Class Counsel

25   represent and warrant that they are fully authorized to execute the Agreement on behalf of

26   Plaintiff.

27   C.    The Parties warrant and represent that no promise, inducement or consideration

28   for the Agreement has been made, except those set forth herein.

**XIII.   NO ADMISSIONS, NO USE**

The Agreement and every stipulation and term contained in it is conditioned upon final approval of the Court and is made for settlement purposes only.  Whether or not consummated, this Agreement shall not be:  (a) construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by Plaintiff, General Mills, any Settlement Class Member or Releasing or Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of such Party; or (b) construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by Plaintiff, General Mills, any Releasing Party or Released Party in the Action or in any other civil, criminal or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of the Agreement.

**XIV.   TERMINATION OF THIS AGREEMENT**

A.     Any Party may terminate this Agreement by providing written notice to the other Parties hereto within ten (10) days of any of the following events:

1.     The Court does not enter an order granting Preliminary Approval that conforms in material respects to Exhibit 7 hereof; or

2.     The Court does not enter a Final Judgment and Order Approving Settlement conforming in material respects to Exhibit 1, or if entered, such Final Judgment and Order Approving Settlement is reversed, vacated, or modified in any material respect by another court.

B.     In the event that this Agreement terminates for any reason, all Parties shall be restored to their respective positions as of immediately prior to the date of execution of this Agreement.  Upon termination, Sections XIII and XV.E. herein shall survive and be binding on the Parties, but this Agreement shall otherwise be null and void.  In that event, within five

1    (5) business days after written notification of such event is sent by General Mills' Counsel or

2    Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less

3    expenses and any costs which have been disbursed or are determined to be chargeable as

4    Notice and Claims Administration Expenses, shall be refunded by the Escrow Agent to

5    General Mills.  In such event, General Mills shall be entitled to any tax refund owing to the

6    Settlement Fund.  At the request of General Mills, the Escrow Agent or its designee shall

7    apply for any such refund and pay the proceeds, after deduction of any fees or expenses

8    incurred in connection with such application(s) for a refund, to General Mills.  In no event will

9    General Mills be entitled to recover any funds spent for Notice and Claims Administration

10   Expenses prior to termination of this Agreement.

11   **XV.   MISCELLANEOUS PROVISIONS**

12          A.    Entire Agreement:  The Agreement, including all Exhibits hereto, shall

13   constitute the entire Agreement among the Parties with regard to the Agreement and shall

14   supersede any previous agreements, representations, communications and understandings

15   among the Parties with respect to the subject matter of the Agreement.  The Agreement may

16   not be changed, modified, or amended except in a writing signed by one of Class Counsel and

17   one of General Mills' Counsel and, if required, approved by the Court.   The Parties

18   contemplate that the Exhibits to the Agreement may be modified by subsequent agreement of

19   General Mills and Class Counsel, or by the Court.

20          B.    Governing Law:  The Agreement shall be construed under and governed by the

21   laws of the State of California, applied without regard to laws applicable to choice of law.

22          C.    Execution in Counterparts:  The Agreement may be executed by the Parties in

23   one or more counterparts, each of which shall be deemed an original but all of which together

24   shall constitute one and the same instrument.  Facsimile signatures or signatures scanned to

25   PDF and sent by e-mail shall be treated as original signatures and shall be binding.

26

27          D.    Notices:  Whenever this Agreement requires or contemplates that one Party

28   shall or may give notice to the other, notice shall be provided in writing by first class US Mail

and email to:

      1.    If to Plaintiff or Class Counsel:

Cullin A. O'Brien, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
cobrien@rgrdlaw.com

      2.    If to General Mills or General Mills' Counsel:

Benjamin W. Hulse, Esq.
BLACKWELL BURKE P.A.
431 South 7th Street, Suite 2500
Minneapolis, MN  55415
Telephone:  612/343-3200
bhulse@blackwellburke.com

      E.    Stay of Proceedings:  Upon the execution of this Agreement, all discovery and other proceedings in the Action shall be stayed until further order of the Court, except for proceedings that may be necessary to implement the Agreement or comply with or effectuate the terms of this Settlement Agreement.

      F.    Good Faith:  The Parties agree that they will act in good faith and will not engage in any conduct that will or may frustrate the purpose of this Agreement.  The Parties further agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Agreement.

      G.    Protective Orders:  All orders, agreements and designations regarding the confidentiality of documents and information ("Protective Orders") remain in effect, and all Parties and counsel remain bound to comply with the Protective Orders, including the provisions to certify the destruction of "Confidential" documents.  Notwithstanding such provision in the Protective Order, General Mills' Counsel and Class Counsel may retain copies of all deposition transcripts and exhibits and all documents submitted to the Court, but those documents must be kept confidential to the extent they were designated as "Confidential," and will continue to be subject to the Protective Order.

      H.    Binding on Successors:  The Agreement shall be binding upon, and inure to the

1 benefit of, the heirs, and Released Parties.

2     I.    Arms-Length Negotiations:  The determination of the terms and conditions

3 contained herein and the drafting of the provisions of this Agreement has been by mutual

4 understanding after negotiation, with consideration by, and participation of, the Parties hereto

5 and their counsel.  This Agreement shall not be construed against any Party on the basis that

6 the Party was the drafter or participated in the drafting.  Any statute or rule of construction that

7 ambiguities are to be resolved against the drafting party shall not be employed in the

8 implementation of this Agreement and the Parties agree that the drafting of this Agreement has

9 been a mutual undertaking.

10     J.    Waiver:  The waiver by one Party of any provision or breach of the Agreement

11 shall not be deemed a waiver of any other provision or breach of the Agreement.

12     K.    Variance:  In the event of any variance between the terms of this Agreement

13 and any of the Exhibits hereto, the terms of this Agreement shall control and supersede the

14 Exhibit(s).

15     L.    Exhibits:  All Exhibits to this Agreement are material and integral parts hereof,

16 and are incorporated by reference as if fully rewritten herein.

17     M.    Taxes:  No opinion concerning the tax consequences of the Agreement to any

18 Settlement Class Member is given or will be given by General Mills, General Mills' Counsel,

19 Class Counsel, or Plaintiffs' Counsel; nor is any Party or their counsel providing any

20 representation or guarantee respecting the tax consequences of the Agreement as to any

21 Settlement Class Member.  Each Settlement Class Member is responsible for his/her tax

22 reporting and other obligations respecting the Agreement, if any.

23     N.    Implementation Before Effective Date:  The Parties may agree in writing to

24 implement the Agreement or any portion thereof after the entry of the Final Judgment and

25 Order Approving Settlement, but prior to the Effective Date.

26     O.    Modification in Writing:  This Agreement may be amended or modified only

27 by written instrument signed by one of Class Counsel and one of General Mills' Counsel.

28 Amendments and modifications may be made without additional notice to the Settlement Class

1    Members unless such notice is required by the Court.

2         P.    Integration:  This Agreement represents the entire understanding and agreement

3    among the Parties and supersedes all prior proposals, negotiations, agreements, and

4    understandings related to the subject matter of this Agreement.  The Parties acknowledge,

5    stipulate and agree that no covenant, obligation, condition, representation, warranty,

6    inducement, negotiation or undertaking concerning any part or all of the subject matter of this

7    Agreement has been made or relied upon except as set forth expressly herein.

8         Q.    Retain Jurisdiction:  The Court shall retain jurisdiction with respect to the

9    implementation and enforcement of the terms of this Agreement, and all Parties hereto submit

10   to the jurisdiction of the Court for purposes of implementing and enforcing the Agreement

11   embodied in this Agreement.

12        IN WITNESS WHEREOF, each of the Parties hereto has caused the Agreement to be

13   executed on its behalf by its duly authorized counsel of record, all as of the day set forth

14   below.

15                    [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2    Dated:  February | , 2013                    GENERALMILLS, INC.
                                                    YOPLAIT USA, INC.
3

4                                            By: _____
                                                    REBECCA L. O'GRADY
5
                                             Title:  Vice President; President, Yoplait USA
6

7

8         [SIGNATURE PAGE ONLY – REMAINDER OF PAGE INTENTIONALLY BLANK]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2  Dated:  February  1, 2013

3

4

5

6

7

8

9

10  Dated:  February  1, 2013

11

12

13

14

15

16

17

18

19

20

21

22  Dated:   February  1, 2013

23

24

25

26

27

28

BLACKWELL BURKE, P.A.
JERRY W. BLACKWELL
BENJAMIN W. HULSE

By:  _____
     BENJAMIN W. HULSE

431 South 7th Street, Suite 2500
Minneapolis, MN  55415
Telephone: 612/343-3200
612/343-3205 (fax)

Attorneys for Defendants General Mills, Inc. and
Yoplait USA, Inc.

ROBBINS GELLER RUDMAN
 & DOWD LLP
CULLIN A. O'BRIEN
STUART A. DAVIDSON
MARK J. DEARMAN

By:  _____
     CULLIN A. O'BRIEN

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
X. JAY ALVAREZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

BLOOD HURST & O'REARDON, LLP
THOMAS J. O'REARDON II

By:  _____
     THOMAS J. O'REARDON II

701 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/338-1100
619/338-1101 (fax)

Rule 23(g) Appointed Counsel for Plaintiff and the
Class

1

Dated:  February 1, 2013

2
3

4

5

6

7

8

9

BLACKWELL BURKE, P.A.
JERRY W. BLACKWELL
BENJAMIN W. HULSE


By: _____
        BENJAMIN W. HULSE

431 South 7th Street, Suite 2500
Minneapolis, MN  55415
Telephone:  612/343-3200
612/343-3205 (fax)


Attorneys for Defendants General Mills, Inc. and
Yoplait USA, Inc.

10

Dated:  February 1, 2013

11

12

13

14

15

16

17

18

19

20

ROBBINS GELLER RUDMAN
  & DOWD LLP
CULLIN A. O'BRIEN
STUART A. DAVIDSON
MARK J. DEARMAN


By: _____
        CULLIN A. O'BRIEN

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
X. JAY ALVAREZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

21

Dated:  February 1, 2013

22

23

24

25

26

27

28

BLOOD HURST & O'REARDON, LLP
THOMAS J. O'REARDON II


By: _____
        THOMAS J. O'REARDON II

701 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/338-1100
619/338-1101 (fax)

Rule 23(g) Appointed Counsel for Plaintiff and the
Class

00055342

1

2   Dated:  February 1, 2013

3

BLACKWELL BURKE, P.A.
JERRY W. BLACKWELL
BENJAMIN W. HULSE

4

By: _____
BENJAMIN W. HULSE

5

6   431 South 7th Street, Suite 2500
Minneapolis, MN  55415

7   Telephone: 612/343-3200
612/343-3205 (fax)

8

9   Attorneys for Defendants General Mills, Inc. and
Yoplait USA, Inc.

10  Dated:  February 1, 2013

ROBBINS GELLER RUDMAN
 & DOWD LLP

11  CULLIN A. O'BRIEN
STUART A. DAVIDSON

12  MARK J. DEARMAN

13

14

By: _____
CULLIN A. O'BRIEN

15  120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432

16  Telephone: 561/750-3000
561/750-3364 (fax)

17

18  ROBBINS GELLER RUDMAN
 & DOWD LLP
X. JAY ALVAREZ

19  655 West Broadway, Suite 1900
San Diego, CA 92101

20  Telephone: 619/231-1058
619/231-7423 (fax)

21

22  Dated:  February 1, 2013

BLOOD HURST & O'REARDON, LLP
THOMAS J. O'REARDON II

23

24

By: _____
THOMAS J. O'REARDON II

25  701 B Street, Suite 1700
San Diego, CA  92101

26  Telephone: 619/338-1100
619/338-1101 (fax)

27

28  Rule 23(g) Appointed Counsel for Plaintiff and the
Class

No. 8:10-CV-00061-CJC(ANx)