1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on February  4 , 2013, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4   e-mail addresses denoted on the Electronic Mail Notice List.

5      Executed on February  4 , 2013.

6

7                                        s/Cullin A. O'Brien
                                         _____

8                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
9                                        120 East Palmetto Park Road, Suite 500
                                         Boca Raton, FL  33432
10                                       Telephone:  561/750-3000
                                         561/750-3364 (fax)
11                                       cobrien@rgrdlaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH JOHNSON, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MILLS, INC. and YOPLAIT USA, INC.,<br><br>Defendants. | Case No.:   8:10-CV-00061-CJC(ANx)<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT**<br><br>Judge:         Hon. Cormac J. Carney<br>Courtroom:   9B<br>Date Filed:   01/14/2010 |

19
20
21
22
23
24
25
26
27
28

1   This matter came on for hearing on _____, 2013 at _____.  The Court has

2   considered the Stipulation of Settlement filed _____, 2013 ("Stipulation"), Dkt. No. ____,

3   oral and/or written objections and comments received regarding the proposed settlement, the

4   record in the action and the arguments and authorities of counsel.  Good cause appearing,

5         IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

6         1.     This Judgment incorporates by reference the definitions in the Stipulation, and

7   all terms used herein shall have the same meanings as set forth in the Stipulation unless set

8   forth differently herein.  The terms of the Stipulation are fully incorporated in this judgment as

9   if set forth fully here.

10        2.     The Court has jurisdiction over the subject matter of this action and all Parties

11  to the action, including all Class Members.

12        3.     The Court approves the settlement as set forth in the Stipulation and

13  finds that the settlement is in all respects fair, reasonable, adequate and just to the

14  Settlement Class Members.

15        4.     Pursuant to Federal Rules of Civil Procedure, Rule 23(c), the Court certifies the

16  following Settlement Class:

17        All persons who purchased YoPlus® branded products in the United States

18        from July 26, 2007 to July 5, 2012, inclusive.  Excluded from the Class are:  (i)

19        those who purchased for the YoPlus® branded products purpose of resale; (ii)

20        those with claims for personal injuries arising from the ingestion of one or more

21        YoPlus® branded products; (iii) Defendants and their officers, directors and

22        employees; (iv) any person who files a valid and timely Request for Exclusion;

23        and (v) the Judges to whom this Action and the Other Actions are assigned and

24        any members of their immediate families.

25        5.     Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(3), all such Persons

26  who satisfy the Settlement Class definition above, except those Persons who timely and

27  validly excluded themselves from the Settlement Class, are Class Members bound by this

28  Order.

6.      Pursuant to Federal Rules of Civil Procedure, Rule 23(a), the Court finds that the Plaintiff Jeremiah Johnson is a member of the Settlement Class, his claims are typical of the Settlement Class claims, and he fairly and adequately protected the interests of the Settlement Class throughout the proceedings in the Action.  Accordingly, Jeremiah Johnson is properly appointed as the Class Representative.

7.      The Settlement Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(3) for certification of the class claims alleged in the operative complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law; and (f) superiority.

8.      Having considered the factors set forth in Federal Rules of Civil Procedure, Rule 23(g)(1), the Court finds that Class Counsel are properly appointed to represent the Settlement Class Members and they have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the settlement.

9.      The list of Persons excluded from the Class because they filed valid requests for exclusion is attached hereto as Exhibit A.  The Persons listed in Exhibit A are not bound by this Judgment or the terms of the Stipulation.

10.      The Court directed that Class Notice be given to Settlement Class Members pursuant to the notice program proposed by the Parties and approved by the Court.  In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Settlement Administrator caused the Class Notice to be disseminated as ordered. The Class Notice advised Settlement Class Members of the terms of the settlement; of the Final Approval Hearing, and their right to appear at such hearing; of their rights to remain in, or opt out of, the Settlement Class and to object to the settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class.

11.      The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rules of Civil

Procedure, Rule 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

12.     Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other interested persons, that the settlement proposed by the Parties is fair, reasonable, and adequate.  The terms and provisions of the Stipulation are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, Judge Stuart T. Waldrip (ret.) of Judicate West.  Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

13.     All Class Members who have not timely and validly filed opt-outs are thus Settlement Class Members who are bound by this Judgment and by the terms of the Stipulation.

14.     The Stipulation and this Order are not admissions of liability or fault by defendants or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by defendants or the Released Parties.  Neither this Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by defendants, the Released Parties, or any of them.  Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Judgment in a proceeding to consummate or enforce the Stipulation or Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

15.     The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class.  Plaintiff initiated the Action, acted to protect the Settlement Class, and assisted his counsel.  The efforts of Class Counsel have produced the Stipulation entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Settlement Class.  Class Counsel have made application for an award of attorneys' fees and

expenses in connection with the prosecution of the Action on behalf of themselves and Other Plaintiffs' Counsel. The fee award requested is approximately 30% of the value of the Settlement Fund, plus a request for reimbursement of out-of-pocket expenses totaling $_____, which the Court finds to be a fair, reasonable and justified attorneys' fee and expense award under the circumstances. The Court hereby awards $_____ as attorneys' fees and $_____ in costs to be paid from the Settlement Fund. Class Counsel shall be responsible for distributing and allocating the attorneys' fees and expense award to Plaintiffs' Counsel in their sole discretion.

16. Plaintiff Johnson, and the Other Plaintiffs, who have agreed to the terms of the Stipulation, and whose claims will be finally and fully resolved by this Judgment, are each entitled to service awards in the amount of $_____.

17. Upon the Effective Date, and subject to fulfillment of all of the terms of this Agreement, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party in any court or any forum.

18. The Plaintiff and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. The Plaintiff and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties. Further, as of the Effective Date, the Plaintiff and all Settlement Class Members shall be deemed to have waived any and all protections, rights and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

19. The Court hereby dismisses with prejudice the Action, and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others. Notwithstanding the foregoing, this Order does not dismiss any claims that have been or may be asserted in the future by any persons or entities who have validly and timely requested exclusion from the Settlement Class.

20.     Without affecting the finality of the Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Order, the Judgment and the Stipulation, and all matters ancillary thereto.

21.     The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the clerk is hereby directed to enter the Judgment forthwith.

22.     The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Settlement Class Members under the Stipulation.

All other relief not expressly granted to the Settlement Class Members is denied.

IT IS SO ORDERED.


DATED: _____     _____
                                                    THE HONORABLE CORMAC J. CARNEY
                                                    UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 2

## Johnson v. General Mills, Inc.
### PROOF OF CLAIM FORM

**You can also file online at: [www.YoPlusSettlement.com]**

**You must complete the required information below.**

You can receive a cash payment of $4 for each "unit" of YoPlus® branded yogurt purchased between July 26, 2007, and July 5, 2012. A YoPlus "unit" means a single package of YoPlus. Most commonly, a YoPlus unit will be a package with four individual containers of YoPlus.

No proof of purchase is necessary if you are submitting a claim for 13 units or less of YoPlus®. Simply complete this Claim Form and submit it by _____**.**

If submitting a claim for more than 13 units of YoPlus®, you must also sign the Affirmation below **and** send receipt(s) or other proof of purchase. You may submit the proof of purchase online at **www.YoPlusSettlement.com** with this completed Claim Form or you may mail it to the address below.  Do NOT send original documents – send photocopies.

**All Claim Forms must be postmarked or submitted online by _____.**

If mailing, please return this form to:        YoPlus® Class Action Settlement Administrator
[Address]
[City, State]

### CLASS MEMBER INFORMATION

NAME: _____   TELEPHONE OR EMAIL:_____

ADDRESS:_____

CITY:_____   STATE:_____   ZIP CODE:_____

### PURCHASE INFORMATION

**Between July 26, 2007 and July 5, 2012, I purchased ___ units of YoPlus®.**

**NOTE: Send in proof of purchase if you are submitting a claim for more than 13 units of YoPlus®.**

You may elect to receive your payment by Automatic Clearing House ("ACH") or by check mailed to your address provided above.

To receive payment via ACH, please provide your bank account information for payment via ACH.  (See graphic illustration at right. Please check with your financial institution for your routing number if you are unsure.)

Your bank routing number:_____

Your bank account number: _____



The Bank Name
Address
Phone Number

Memo: _____

|:123456789|: |234 |" |:123456789"

ABA Routing Number        Check Number        Account Number

If you would prefer to be paid by check rather than ACH, omit your bank routing number and bank account and a check will be mailed to the address you provided above.

### Affirmation

UNDER PENALTY OF PERJURY, I AFFIRM THAT I PURCHASED YOPLUS® BRANDED YOGURT IN THE UNITED STATES.

SIGNATURE:_____   DATE:_____

**CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY [MONTH DAY, 2013]**
**QUESTIONS? CALL 1-800-xxx-xxxx OR VISIT [www.YoPlusSettlement.com]**

* For a full list of the YoPlus® branded products, see **[www.YoPlusSettlement.com]**

# EXHIBIT 3

## Claims Protocol

This Claims Protocol (the "Protocol") is part of the Stipulation of Settlement ("Agreement") and shall be used by the Settlement Administrator to review and process those Claims submitted pursuant to the Agreement and otherwise implement the terms of the claim review and administration process. All capitalized terms used in this Protocol shall have the same meaning given them in the Agreement.

1.      **Settlement Administrator's Role and Duties**

(a)      The Settlement Administrator shall be selected by the agreement of the Parties and recommended to and approved by the Court.

(b)      The Settlement Administrator must consent, in writing, to serve and shall abide by the obligations of the Agreement, this Protocol, and the Orders issued by the Court.

(c)      The Settlement Administrator shall coordinate with the Escrow Agent regarding the funds in the escrow account. However, the Claim Administrator shall have no authority, under any circumstance, to withdraw or disburse any escrowed funds without the written instructions of Defendants and Class Counsel.

(d)      The Settlement Administrator shall have access to information about the balance of the escrowed funds to perform calculations relating to (i) the costs and expenses associated with disseminating the Class Notice; (ii) the costs and expenses associated with claims administration; and (iii) the total amount due to authorized Claimants.

(e)      The Settlement Administrator shall warrant that it knows of no reason why it cannot fairly and impartially administer the claim review process set forth in the Agreement. If the Settlement Administrator, Defendants, or Class Counsel learns of a conflict of interest as to a Claim, that party shall give written notice to the other parties, who shall resolve any such circumstances by further written agreement. Any unresolved dispute over such conflict of interest shall be submitted to the Court for resolution. The Settlement Administrator shall indemnify and defend the Parties and their counsel against any liability arising from the Settlement Administrator's breach of this provision.

(f)      The Settlement Administrator shall keep a clear and careful record of all communications with Settlement Class Members, all claims decisions, all expenses, and all tasks performed in administering the notice and claim review processes.

(g)      The Settlement Administrator shall provide periodic reports to Class Counsel and Defendants' counsel regarding Claim Form submissions beginning not later than one week before the Final Approval Hearing date and continuing on a weekly basis thereafter.

(h)     The actual cost of the Settlement Administrator shall be paid, from time to time, as determined by submitted and approved invoices, from the escrowed funds.

(i)     The Settlement Administrator shall take all reasonable efforts to administer the Claims efficiently and avoid unnecessary fees and expenses.  The Settlement Administrator shall only be reimbursed for fees and expenses supported by detailed and clear timesheets and receipts for costs.  As soon as work commences, the Settlement Administrator shall provide a detailed written accounting of all fees and expenses on a monthly basis to Class Counsel and Defendants' counsel, and shall respond promptly to inquiries by these counsel concerning fees and expenses.

(j)     The Parties are entitled to observe and monitor the performance of the Settlement Administrator to assure compliance with the Agreement and this Protocol.  The Settlement Administrator shall promptly respond to all inquiries and requests for information made by Defendants or its counsel or Class Counsel.

**2.     Providing and Submitting Claim Forms**

(a)     The Claim Form, which is in substantially the form attached as Exhibit 2 to the Agreement, shall be available as part of the Class Notice, on the Settlement Website, or by contacting the Settlement Administrator.  The Claim Form on the Settlement Website and the hard copy Claim Form shall be consistent in content.

(b)     The Settlement Administrator shall establish and maintain the Settlement Website, which shall be easily accessible through commonly used Internet Service Providers for the submission of claims.  The Settlement Website shall be designed to permit Settlement Class Members to readily and easily submit Claims and obtain information about the Settlement Class Members' rights and options under the Agreement.  The Settlement Website shall be maintained continuously until the Effective Date.

(c)     The Settlement Administrator also shall establish a toll-free telephone number that will have recorded information answering frequently asked questions about the Agreement, including, but not limited to, the instructions about how to request a Claim Form and/or Class Notice as well as an option to reach a live operator.

**3.     Claim Form Review and Processing**

(a)     Settlement Class Members may timely submit a Claim to the Settlement Administrator up to the Claims Deadline.  Settlement Class Members shall be eligible for the relief provided in the Agreement, provided Class Members complete and timely submit the Claim Form to the Settlement Administrator by the Claim Deadline.

(b)     The Settlement Administrator shall complete the claim review process within the time period specified in Section V of the Agreement.

- 2 -

(c)     The Settlement Administrator shall gather and review the Claim Forms received pursuant to the Agreement, and fulfill valid claims.

  (i)     Settlement Class Members who submit timely and valid a Claim Form shall be designated as Authorized Claimants.  The Settlement Administrator shall examine the Claim Form before designating the Settlement Class Member as an Authorized Claimant to determine that the information on the Claim Form is reasonably complete and contains sufficient information to enable the mailing of the settlement payment to the Settlement Class Member.

  (ii)    No Settlement Class Member may submit more than one Claim Form for each unit of YoPlus® purchased by the claimant.  The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member ("Duplicative Claim Forms").  The Settlement Administrator shall determine whether there is any duplication of Claims, if necessary by contacting the claimant(s) or their counsel.  The Settlement Administrator shall designate any such Duplicative Claims as invalid claims to the extent they allege the same damages or allege damages on behalf of the same Settlement Class Member.

  (iii)   The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the claim process.  The Settlement Administrator may, in its discretion, deny in whole or in part any claim to prevent actual or possible fraud or abuse.

  (iv)    By agreement of the Parties, the Parties can instruct the Settlement Administrator to take whatever steps they deem appropriate to preserve the Settlement Fund to further the purposes of the Agreement if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse.

  (v)     The Claims Administrator shall, in its discretion, following consultation and agreement with counsel, reasonable agreement not to be withheld, decide whether to accept Claim Forms submitted after the Claims Deadline.

(d)     The Settlement Administrator shall provide periodic reports to Class Counsel and Defendants' counsel regarding the implementation of the Agreement and this Protocol.

(e)     If a Claim Form cannot be processed without additional information, the Settlement Administrator shall promptly notify the Parties and mail a letter that advises the claimant of the additional information and/or documentation needed to

validate the claim.  The claimant shall have thirty-five (35) days from the date of
the postmarked letter sent by the Settlement Administrator to respond to the
request from the Settlement Administrator and the claimant shall be so advised.

    (i)    In the event the claimant timely provides the requested information, the
Claim shall be deemed validated and shall be processed for payment.

    (ii)    In the event the claimant does not timely provide the information, the
Claim may be denied or reduced to the claim amount reasonably
supported by the documentation without further communication with the
claimant.

(f)    If a Claim is reduced or denied because the Settlement Administrator determined
that the additional information and/or documentation was not sufficient to prove
up the Claim, the Settlement Administrator shall provide a report to Class
Counsel and Defendants' counsel who shall meet and confer in an attempt to
resolve these Claims.  If Class Counsel reasonably recommends payment of the
Claim or payment of a reduced claim amount and Defendants agree (and
Defendants' agreement shall not be unreasonably withheld), then the Settlement
Administrator shall be instructed pay those Claims.

(g)    The Settlement Administrator shall provide all information gathered in
investigating Claims, including, but not limited to, copies of all correspondence
and email and all notes of the Settlement Administrator, the decision reached, and
all reasons supporting the decision, if requested by Class Counsel or Defendants.

# EXHIBIT 4

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## If You Purchased General Mills' YoPlus® Yogurt, You May Be Entitled To Settlement Benefits

*The United States District Court for the Central District of California authorized this notice.*
*This is not a solicitation from a lawyer.*

This Notice advises you of a proposed class action settlement.  The settlement concerns alleged misrepresentations regarding YoPlus®-branded yogurt products.  Your legal rights are affected whether you act or don't act.  You should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | Get a cash payment. |
| EXCLUDE YOURSELF | Get out of the lawsuit.  Get no settlement benefits. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| DO NOTHING | Get no cash refund.  Give up your rights to separately sue. |

Your rights and options – **and the deadlines to exercise them** – are explained in this notice.

The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ................................................................................................- 3 -

WHO IS IN THE SETTLEMENT ....................................................................................- 3 -

THE SETTLEMENT BENEFITS—WHAT YOU GET ..................................................- 3 -

THE LAWYERS REPRESENTING YOU ......................................................................- 4 -

EXCLUDING YOURSELF FROM THE SETTLEMENT ..............................................- 5 -

OBJECTING TO THE SETTLEMENT ..........................................................................- 5 -

THE FINAL APPROVAL HEARING .............................................................................- 6 -

IF YOU DO NOTHING ...................................................................................................- 7 -

GETTING MORE INFORMATION ................................................................................- 7 -

## BASIC INFORMATION

| WHAT IS THIS LAWSUIT ABOUT? |
|---|

Plaintiff filed a class action lawsuit claiming that General Mills, Inc. and Yoplait USA, Inc. ("Defendants") engaged in deceptive and unfair conduct in violation of California laws by advertising that its YoPlus®-branded yogurt products provide digestive health benefits that plain yogurt does not provide.  Defendants deny all allegations and are entering into this settlement to avoid burdensome and costly litigation.  The settlement is not an admission of wrongdoing.

The Parties have agreed to settle the lawsuit on the terms explained in this notice.

| WHY IS THIS A CLASS ACTION? |
|---|

In a class action, one or more people, called Class Representatives (in this case Jeremiah Johnson), sue on behalf of people who have alleged similar claims.  All these people are a Class or Class Members.  One court resolves the issues for all Class Members, except for those who choose to exclude themselves from the Class. United States District Court Judge Cormac J. Carney is in charge of this class action.

| WHY IS THERE A SETTLEMENT? |
|---|

The Court did not decide in favor of Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way, they avoid the cost of a trial, and settlement benefits go to the Settlement Class Members.  The Class Representative and the attorneys think the settlement is best for the Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you are eligible for benefits, you first have to determine whether you are a Settlement Class Member.

| WHO IS INCLUDED IN THE SETTLEMENT CLASS? |
|---|

You are a member of the Settlement Class if you purchased YoPlus® yogurt in the United States between July 26, 2007 and July 5, 2012, inclusive (the "Settlement Class Period").

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| A CASH PAYMENT IF YOU SUBMIT A CLAIM |
|---|

Defendants have agreed to provide a total settlement fund of $8.5 million (the "Fund") in full settlement of the claims of the Settlement Class. The Fund will include notice and claim administration expenses, as well as Class Counsel's attorneys' fees and expenses and any service awards to the Class Representative and Other Plaintiffs (discussed below).  The settlement distribution process will be administered by an independent settlement administrator ("Settlement Administrator") approved by the Court.

| WHAT CAN I GET FROM THE SETTLEMENT? |
|---|

For **each** YoPlus® Unit you purchased during the Settlement Class Period you may receive $4.

If you request an award for **13 YoPlus® Units or less**, no Proof of Purchase is necessary.

If you request an award of **more than 13** YoPlus® Units, you must provide Proof of Purchase.

A YoPlus® "Unit" means a single package of YoPlus®.  Most commonly, a YoPlus Unit will be a package with four individual containers of YoPlus®.

Any monies remaining in the Fund after paying valid claims and expenses, as well as attorneys' fees and expenses and service awards will be paid to National Consumer Law Center and the Mayo Clinic, or to some other similar non-profit organization or organizations as the Court determines.

| HOW CAN I GET A CASH PAYMENT? |
|---|

To receive cash, you must complete and return a Claim Form **no later than _____, 2013.**  The Claim Form may be mailed or submitted electronically at **www.YoPlusSettlement.com**.

A  Claim  Form  is  included  with  this  Notice.   Claim  Forms  are  also  available  online  at **www.YoPlusSettlement.com** or by calling 1.xxx.xxx.xxxx.

| WHEN WOULD I GET MY SETTLEMENT AWARD? |
|---|

The Court will hold a hearing on **[date]** at **[time]**, to decide whether to approve the settlement.  The hearing date may be changed by the Court, and you should check **www.YoPlusSettlement.com** for any updates.  If Judge Carney approves the settlement, there may be appeals.  The appeal process can take time, perhaps more than a year.  Please be patient.

| IN RETURN FOR THESE SETTLEMENT BENEFITS, WHAT AM I GIVING UP? |
|---|

If the Court approves the proposed settlement and you do not request to be excluded from the Class, you must release (give up) all claims concerning Defendants' alleged misrepresentation of the YoPlus®-branded products covered by this settlement, and the case will be dismissed on the merits and with prejudice.  **If you remain in the Class, you may not assert any of those claims in any other lawsuit or proceeding.  This includes any other lawsuit or proceeding already in progress.**  The judgment and orders entered in this case, whether favorable or unfavorable, will bind all Settlement Class Members who do not request to be excluded.

The  full  terms  of  the  Release  are  contained  in  the  Stipulation  of  Settlement  that  is  available  at **www.YoPlusSettlement.com**, or at the public court records on file in this action.

## THE LAWYERS REPRESENTING YOU

| DO I HAVE A LAWYER IN THIS CASE? |
|---|

The Court appointed the law firms of Robbins Geller Rudman & Dowd LLP and Blood Hurst & O'Reardon, LLP to represent you and other Settlement Class Members.  These lawyers are called Class Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense and enter an appearance through your own counsel.

| HOW WILL THE LAWYERS BE PAID? |
|---|

Class Counsel will ask the Court to award attorneys' fees not to exceed 30% of the Fund ($2.55 million), plus out-of-pocket expenses incurred.  This amount will be paid from the Fund.

In addition, Class Counsel will ask the Court to award the Plaintiff in this Action (Jeremiah Johnson) and the Other Plaintiffs in the related Other Actions service awards totaling $6,000 for their time and effort acting as plaintiffs in the lawsuits.

Defendants have agreed to not to oppose these awards.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue defendants, on your own, about the legal issues in this case, then you must take steps to get out.  This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

### HOW DO I GET OUT OF THE SETTLEMENT?

If you do not wish to be included in the Class and receive a cash payment for your purchases of YoPlus®, you must send a letter stating that you want to be excluded from *Johnson v. General Mills, Inc.*, No. 8:10-cv-00061 (C.D. Cal).  Be sure to include your name, address, telephone number, your signature, and a statement that you purchased one of the YoPlus® products covered by this settlement.  You must mail your exclusion request post-marked no later than [date] to:

> **Settlement Administrator**
> **[address]**

You can't exclude yourself on the phone or by fax or e-mail.  If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  However, you will not be legally bound by anything that happens in this lawsuit and you will keep your right to separately pursue claims against the defendants relating to the subject matter of this lawsuit.

### IF I DON'T EXCLUDE MYSELF, CAN I SUE DEFENDANTS FOR THE SAME THING LATER?

No.  Unless you exclude yourself, you give up the right to sue Defendants for the claims that this settlement resolves.  You must exclude yourself from *this* Class to pursue your own lawsuit.  Remember, your exclusion must be postmarked on or before **[date]**.

### IF I EXCLUDE MYSELF, CAN I GET MONEY FROM THIS SETTLEMENT?

No.  If you exclude yourself, you will not receive any money.  Do not send in a Claim Form.  But, you will not lose any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants about the legal issues in this case.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it and the

Court will consider your views.  To object, you must send a letter to the Court and the parties saying that you object to the settlement in *Johnson v. General Mills, Inc.*, No. 8:10-cv-00061 (C.D. Cal).  Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement.  You must also affirm under penalty of perjury that you are a Settlement Class Member or provide other proof of Settlement Class Membership.  If you are represented by counsel, be sure to include the name, address, and telephone number of that lawyer.

Your objection ***must be mailed to and actually received*** at these three different places no later than [**date**].  Send your objection to:

> Clerk of the Court
> United States District Court,
> Central District of California
> 411 West Fourth Street, Suite 1053
> Santa Ana, CA 92701-4516
>
> Cullin A. O'Brien
> Robbins Geller Rudman & Dowd LLP
> 120 East Palmetto Park Road, Suite 500
> Boca Raton, FL 33432
> Telephone: 561/750-3000
>
> Benjamin W. Hulse
> Blackwell Burke P.A.
> 431 South 7th Street, Suite 2500
> Minneapolis, MN 55415
> Telephone: 612/343-3200

### WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is telling the Court that you do not like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit.  You cannot request exclusion **and** object to the settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.  Settlement Class Members who do exclude themselves may, if they wish, enter an appearance through their own counsel.

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend, and you may ask to speak, but you don't have to.

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Final Approval Hearing at [**time**] on [**date**] at the in the Courtroom of the Honorable Cormac J. Carney, United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, CA 92701-4516.  The hearing date may be changed by the Court, and you should check **www.YoPlusSettlement.com** for any updates.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them.  Judge Carney will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve

the settlement.  The Court may also consider how much to award Class Counsel and the amount of the service awards for plaintiffs.  We do not know how long this decision will take.

### DO I HAVE TO COME TO THE HEARING?

No.  Class Counsel will answer questions Judge Carney may have.  But, you are welcome to come at your own expense.  If you submit an objection, you do not have to come to the Court to talk about it.  As long as you delivered your written objection on time, the Judge will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

### MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must file with the Court a "Notice of Intention to Appear."  Be sure to include your name, address, telephone number, and your signature.  You may also be required to provide proof that you are a Settlement Class Member.  Your Notice of Intention to Appear must be filed no later than [**date**], and must also be served on the Clerk of the Court, Class Counsel and Defense Counsel at the three addresses listed on page 5 above.  You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

### WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will be part of the Settlement Class.  You will not receive a cash payment from the settlement unless you file a valid and timely Claim Form.  You won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case.

## GETTING MORE INFORMATION

### ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

The Stipulation of Settlement contains the complete terms.  You can get a copy of the Stipulation of Settlement at **www.YoPlusSettlement.com**, or by reviewing the records on file in court clerk's office.  The Claim Form and other information are also available at **www.YoPlusSettlement.com**.  Remember to return a Claim Form to participate in the settlement benefits.

## PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.

/s/ The Honorable Cormac J. Carney

DATED: _____

UNITED STATES DISTRICT JUDGE

# EXHIBIT 5

**LEGAL NOTICE**

# If You Purchased General Mills' YoPlus® Yogurt, You May Be Entitled To Settlement Benefits

### What Is This About?

A class action lawsuit about YoPlus®-branded yogurt products sold through July 5, 2012, has been settled. Consumers who bought the YoPlus® products may be entitled to a cash payment by submitting a claim. The lawsuit alleges the General Mills and Yoplait USA ("Defendants") falsely advertised the digestive health benefits of its YoPlus® yogurt products. The settlement is not an admission of wrongdoing. The Court has not decided who is right and who is wrong. Instead, the parties decided to settle the dispute.

To submit a claim, visit **www.YoPlusSettlement.com**.

### Am I a Member of the Class?

You're a Class Member if you purchased for personal, family or household purposes YoPlus®-branded yogurt in the United States between July 26, 2007 through July 5, 2012, inclusive.

### What Does the Settlement Provide?

Defendants have agreed to provide a settlement fund of $8.5 million in full settlement of the claims of the Settlement Class. Each Class Member who submits a valid claim may receive $4 for each YoPlus® unit purchased  A YoPlus® unit means a single package of YoPlus®. Most commonly, a package has four containers of YoPlus®. Claimants may receive cash for more than thirteen (13) units purchased with proof of purchase. Subject to Court approval, Defendants have agreed not to oppose a payment of plaintiff's attorneys' fees not to exceed $2.55 million plus expenses, as well as plaintiff service awards, from the $8.5 million fund. Any amounts remaining in the settlement fund will be paid to one or more non-profit organizations.

### What are My Options?

To ask for cash and remain in the Class, you must mail, fax, or submit online a completed Claim Form by _____, 2013. If you do not wish to participate in the settlement, you may exclude yourself from the Class by _____, 2013, or you may stay in the Class and object to the settlement by _____, 2013. Visit **www.YoPlusSettlement.com** for important information about these options.

### Hearing on the Proposed Settlement

The Court will hold a Final Approval Hearing on _____, 2013 at _____ (a.m./p.m.), to determine whether the proposed settlement is fair, reasonable, and adequate, to approve attorneys' fees and expenses, and any service awards for the plaintiffs. The hearing date may be changed by the Court, and you should check **www.YoPlusSettlement.com** for updates. The Final Approval Hearing will take place at U.S. District Court, Central District of California, 411 West Fourth Street, Santa Ana, CA 92701. You do not have to attend the hearing.

To get additional information, including a copy of the detailed Notice and Claim Form, visit **www.YoPlusSettlement.com** or call 1-800-xxx-xxxx.

# EXHIBIT 6



**YoPlus National Notice Plan**

| Target* | Average Reach | Average Frequency |
|---|---|---|
| Women 18-54 years old who buy yogurt | 78% | 2.5 |
| Adults 18 years old and older who buy yogurt | 70% | 2.3 |

**Program Parameters**
Geography:  National

Earliest Notice Start Date: 1 week from approval
Estimated Program Duration:  6-7 weeks
Estimated English Summary Notice Word Count: Up to 445

**Magazines**

| Title | Circulation | Frequency | Approximate Unit Size | Insertions |
|---|---|---|---|---|
| *People* | 3,563,035 | Weekly | 1/3 Page | 2 |
| *USA Weekend* | 22,250,000 | Weekly | Digest | 1 |
| **Total:** | **25,813,035** | | | **3** |

**Internet**
*Estimated Impressions*          **238,000,000**

| Website | URL | Duration | Unit Size |
|---|---|---|---|
| Yahoo RON** | www.yahoo.com | 6 weeks | 728 x 90 |
| Real Media Group Network** | Various | 6 weeks | 728 x 90 |
| Facebook | www.facebook.com | 6 weeks | Custom |
| MSN RON | www.msn.com | 6 weeks | 728 x 90 |
| Conde Nast Online Network** | Various | 6 weeks | 728 x 90 |
| Online National Network Buy | Various | 6 weeks | 728 x 90 |

Network buy rotating among over 375 local newspaper and television websites.

**Media and Social Media Outreach**

National Press Release of 1,000 words over PR Newswire's National US1 and Hispanic newslines. In addition:
 - A 100 character social networking post to a variety of PR Newswire's social network presences
   including Twitter,LinkedIn and Facebook.

Blog release to over 700 blogs covering parenting, nutrition, health/safety and consumer topics such as urbanMamas and With Our Best.

# EXHIBIT 7

1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH JOHNSON, on Behalf of Himself and All Others Similarly Situated, | Case No.:    8:10-CV-00061-CJC(ANx) |
| Plaintiff, | CLASS ACTION |
| v. | **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |
| GENERAL MILLS, INC. and YOPLAIT USA, INC., | |
| Defendants. | Judge:        Hon. Cormac J. Carney<br>Courtroom:   9B<br>Date Filed:   01/14/2010 |

19

20

21

22

23

24

25

26

27

28

1   WHEREAS, Plaintiff Jeremiah Johnson in this action entitled *Johnson v. General*

2   *Mills, Inc.*, No. 8:10-cv-00061 and Defendants General Mills, Inc. and Yoplait USA, Inc. have

3   entered into a Stipulation of Settlement ("Stipulation"), filed _____, 2013, after

4   substantial discovery and lengthy arms-length settlement discussions;

5   AND, WHEREAS, the Court has received and considered the Stipulation, including the

6   accompanying exhibits, and the record in this Action;

7   AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of

8   Civil Procedure, Rule 23(e), for an order preliminarily approving the settlement of this

9   Action, and for its dismissal with prejudice upon the terms and conditions set forth in the

10   Stipulation;

11   AND, WHEREAS, the Court has reviewed the Parties' application and the supporting

12   memorandum for such order, and has found good cause for same.

13   NOW, THEREFORE, IT IS HEREBY ORDERED:

14   **The Settlement Class Is Preliminarily Certified**

15   1.   If not otherwise defined herein, all capitalized terms have the same meanings as

16   set forth in the Stipulation of Settlement.

17   2.   Pursuant to Federal Rules of Civil Procedure, Rule 23(c),  the Court certifies

18   the following Settlement Class:

19
20   All persons who purchased YoPlus® branded products in the United States

     from July 26, 2007 to July 5, 2012, inclusive.

21   3.   Excluded from the Settlement Class are:  (i) those who purchased for the

22   YoPlus® branded products purpose of resale; (ii) those with claims for personal injuries

23   arising from the ingestion of one or more YoPlus® branded products; (iii) Defendants and

24   their officers, directors and employees; (iv) any person who files a valid and timely Request

25   for Exclusion; and (v) the Judges to whom this Action and the Other Actions are assigned and

26   any members of their immediate families.

27
28

4. The Settlement Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(3) for certification of the class claims alleged in the operative complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law Class; and (f) superiority. *See also* Court's Order Granting Plaintiff's Motion for Class Certification (Dkt. No. 115).

5. Class Counsel and the Class Representative are found to be adequate representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court appoints Jeremiah Johnson as the Class Representative of the Class. The Court also designates Cullin A. O'Brien of Robbins Geller Rudman & Dowd LLP, and Thomas J. O'Reardon II of Blood Hurst & O'Reardon, LLP, whom the Court finds are experienced and adequate counsel having considered the factors set forth in Rule 23(g)(1), as Class Counsel. *See also* Court's Order Granting Plaintiff's Motion for Class Certification (Dkt. No. 115).

**The Stipulation Is Preliminarily Approved and Final Approval Schedule Set**

6. The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

7. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

8. Pursuant to of the Federal Rules of Civil Procedure, Rule 23(e) the Court will hold a final approval hearing on _____, 2013, at _____ a.m./p.m., in the Courtroom of the Honorable Cormac J. Carney, United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, CA 92701-4516, for the following purposes:

1          1.       determining whether the proposed settlement of the Action on the

2 terms and conditions provided for in the Stipulation is fair, reasonable and adequate and

3 should be approved by the Court;

4          2.       considering the application of Class Counsel for an award of

5 attorneys' fees and expenses as provided for under the Stipulation;

6          3.       considering the application for service awards to the Plaintiff and the

7 Other Plaintiffs as provided for under the Stipulation;

8          4.       considering whether the Court should enter the [Proposed] Final

9 Judgment and Order Approving Settlement;

10         5.       whether the release by the Settlement Class Members of the Released

11 Claims as set forth in the Stipulation should be provided; and

12         6.       ruling upon such other matters as the Court may deem just and

13 appropriate.

14      9.     The Court may adjourn the Final Approval Hearing and later reconvene such

15 hearing without further notice to the Settlement Class Members.

16      10.    Any Settlement Class Member may enter an appearance in the Action, at his or

17 her own expense, individually or through counsel. All Settlement Class Members who do not

18 enter an appearance will be represented by Class Counsel.

19      11.    The Parties may further modify the Stipulation prior to the Final Approval

20 Hearing so long as such modifications do not materially change the terms of the settlement

21 provided therein. The Court may approve the Stipulation with such modifications as may be

22 agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

23      12.    Opening papers in support of final approval of the Stipulation and any

24 application for attorneys' fees and expenses and/or plaintiff service awards must be filed with

25 the Court and served at least 45 days prior to the Final Approval Hearing. Reply papers, if

26 any, must be filed and served at least 7 days prior to the Final Approval Hearing.

27

28

**The Court Approves the Form and Method of Class Notice**

13.     The Court approves, as to form and content, the proposed Long-form Notice and Publication Notice (collectively the "Class Notice"), which are Exhibits 4 and 5, respectively, to the Stipulation of Settlement on file with this Court.

14.     The Court finds that the distribution of Class Notice substantially in the manner and form set forth in this Order and the Stipulation of Settlement meet the requirements of Federal Rules of Civil Procedure, Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15.     The Court approves the designation of Garden City Group, Inc. to serve as the Court-appointed Settlement Administrator for the settlement.  The Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Settlement Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

16.     The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, the Class Notice, Claim Forms that may be downloaded and submitted online or by mail, the Stipulation and all exhibits thereto, and such other information as may be of assistance to Settlement Class Members or required under the Stipulation.

17.     The Settlement Administrator is ordered to substantially complete dissemination of the Class Notice no later than 60 days after the Court enters this Preliminary Approval Order.

18.     The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Claims Administrator and Class Notice expenses shall be paid out of the Settlement Fund in accordance with the applicable provisions of the Stipulation.

**Procedure for Settlement Class Members to Participate In the Settlement**

19.     Settlement Class Members who wish to claim a settlement award must submit their Claim Form and supporting documentation no later than 60 days after the date first set by the Court for the Final Approval Hearing.  Such deadline may be further extended without notice to the Settlement Class by Court order, by agreement between the Parties, or as set forth in the Stipulation.

**Procedure for Requesting Exclusion from the Class**

20.     Any Person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class.  Any such Person must submit a request for exclusion to the Settlement Administrator postmarked or delivered no later than 30 days before the date first set for the Final Approval Hearing (the "Opt-Out Date"), as set forth in the Class Notice.  Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

21.     Any Settlement Class Member who does not send a signed request for exclusion postmarked or delivered on or before the Opt-Out Date will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the settlement, if finally approved by the Court.  The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the Person desires to be excluded from the Settlement Class.  All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

22.     A list reflecting all requests for exclusions shall be filed with the Court by Defendants at or before the Final Approval Hearing.

**Procedure for Objecting To the Settlement**

23.     Any Settlement Class Member who desires to object to the proposed settlement, including the requested attorneys' fees and expenses or service awards to the Plaintiff and Other Plaintiffs must timely file with the Clerk of this Court a notice of the objection(s),

together with all papers that the Settlement Class Member desires to submit to the Court no later than 30 days before the date first set for the Final Approval Hearing (the "Objection Date"). The objection must also be served on Class Counsel and Defendants' counsel no later than the Objection Date. The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Date provided in the Class Notice, by the Clerk of the Court and by Class Counsel and Defendants' counsel. In addition to the filing with this Court, such papers must be sent to each of the following persons:

| | |
|---|---|
| Cullin A. O'Brien | Benjamin W. Hulse |
| Robbins Geller Rudman & Dowd LLP | Blackwell Burke P.A. |
| 120 East Palmetto Park Road, Suite 500 | 431 South 7th Street, Suite 2500 |
| Boca Raton, FL 33432 | Minneapolis, MN 55415 |
| Telephone: 561/750-3000 | Telephone: 612/343-3200 |

24.     The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel; (c) a statement that the objector purchased YoPlus during the class period; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's signature.

25.     Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees. Settlement Class Members or their attorneys who intend to make an appearance at the Final Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice and to Defendants' counsel, and file the notice of appearance with the Court, no later than twenty (20) days before the Final Approval Hearing.

26.     Any Settlement Class Member who fails to comply with the provisions of the preceding paragraph shall waive and forfeit any and all rights he or she may have to appear

1    separately and/or to object, and shall be bound by all the terms of the Agreement and by all

2    proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

3          27.      Counsel for the Parties are hereby authorized to utilize all reasonable

4    procedures in connection with the administration of the settlement which are not materially

5    inconsistent with either this Order or the terms of the Stipulation.

6

7         IT IS SO ORDERED.

8

9 DATED:    _____    _____

10                                THE HONORABLE CORMAC J. CARNEY
                                  UNITED STATES DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28