UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH JOHNSON, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MILLS, INC. and YOPLAIT USA, INC.,<br><br>Defendants. | Case No.: 8:10-CV-00061-CJC(ANx)<br><br><u>CLASS ACTION</u><br><br>**ORDER APPROVING CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Cormac J. Carney<br>Courtroom: 9B<br>Date Filed: 01/14/2010 |

This matter came on for hearing on June 17, 2013 at 1:30 p.m. The Court has considered the Stipulation of Settlement filed February 4, 2013 ("Stipulation"), Dkt. No. 278, oral and/or written objections and comments received regarding the proposed settlement, the record in the action and the arguments and authorities of counsel. Good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this judgment as if set forth fully here.

2.  The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Class Members.

3.  The Court approves the settlement as set forth in the Stipulation and finds that the settlement is in all respects fair, reasonable, adequate and just to the Settlement Class Members.

4.  Pursuant to Federal Rules of Civil Procedure, Rule 23(c), the Court certifies the following Settlement Class:

> All persons who purchased YoPlus® branded products in the United States from July 26, 2007 to July 5, 2012, inclusive. Excluded from the Class are: (i) those who purchased for the YoPlus® branded products purpose of resale; (ii) those with claims for personal injuries arising from the ingestion of one or more YoPlus® branded products; (iii) Defendants and their officers, directors and employees; (iv) any person who files a valid and timely Request for Exclusion; and (v) the Judges to whom this Action and the Other Actions are assigned and any members of their immediate families.

5.  Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(3), all such Persons who satisfy the Settlement Class definition above, except those Persons who timely and

1  validly excluded themselves from the Settlement Class, are Class Members bound by this
2  Order.

3       6.     Pursuant to Federal Rules of Civil Procedure, Rule 23(a), the Court finds that
4  the Plaintiff Jeremiah Johnson is a member of the Settlement Class, his claims are typical of
5  the Settlement Class claims, and he fairly and adequately protected the interests of the
6  Settlement Class throughout the proceedings in the Action.  Accordingly, Jeremiah Johnson is
7  properly appointed as the Class Representative.

8       7.     The Settlement Class meets all requirements of Federal Rules of Civil
9  Procedure, Rule 23(a) and (b)(3) for certification of the class claims alleged in the operative
10 complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the
11 Class Representative and Class Counsel; (e) predominance of common questions of fact and
12 law; and (f) superiority.

13      8.     Having considered the factors set forth in Federal Rules of Civil Procedure,
14 Rule 23(g)(1), the Court finds that Class Counsel are properly appointed to represent the
15 Settlement Class Members and they have fairly and adequately represented the Settlement
16 Class for purposes of entering into and implementing the settlement.

17      9.     The Court directed that Class Notice be given to Settlement Class Members
18 pursuant to the notice program proposed by the Parties and approved by the Court.  In
19 accordance with the Court's Preliminary Approval Order and the Court-approved notice
20 program, the Settlement Administrator caused the Class Notice to be disseminated as ordered.
21 The Class Notice advised Settlement Class Members of the terms of the settlement; of the
22 Final Approval Hearing, and their right to appear at such hearing; of their rights to remain in,
23 or opt out of, the Settlement Class and to object to the settlement; procedures for exercising
24 such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the
25 Settlement Class.

26      10.     The distribution of the Class Notice constituted the best notice practicable
27 under the circumstances, and fully satisfied the requirements of Federal Rules of Civil
28

1  Procedure, Rule 23, the requirements of due process, 28 U.S.C. §1715, and any other
2  applicable law.

3      11.    Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(2), the Court finds
4  after a hearing and based upon all submissions of the Parties and other interested persons, that
5  the settlement proposed by the Parties is fair, reasonable, and adequate. The terms and
6  provisions of the Stipulation are the product of lengthy, arms-length negotiations conducted in
7  good faith and with the assistance of an experienced mediator, Judge Stuart T. Waldrip (ret.) of
8  Judicate West. Approval of the Stipulation will result in substantial savings of time, money
9  and effort to the Court and the Parties, and will further the interests of justice.

10      12.    All Class Members who have not timely and validly filed opt-outs are thus
11  Settlement Class Members who are bound by this Judgment and by the terms of the
12  Stipulation.

13      13.    The Stipulation and this Order are not admissions of liability or fault by
14  defendants or the Released Parties, or a finding of the validity of any claims in the Action or of
15  any wrongdoing or violation of law by defendants or the Released Parties. Neither this
16  Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings
17  connected with it, shall be offered as evidence or received in evidence in any pending or future
18  civil, criminal, or administrative action or proceeding to establish any liability of, or admission
19  by defendants, the Released Parties, or any of them. Notwithstanding the foregoing, nothing
20  in this Final Judgment shall be interpreted to prohibit the use of this Judgment in a proceeding
21  to consummate or enforce the Stipulation or Judgment, or to defend against the assertion of
22  Released Claims in any other proceeding, or as otherwise required by law.

23      14.    The Court has considered the submissions by the Parties and all other relevant
24  factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims
25  on behalf of the Class. Plaintiff initiated the Action, acted to protect the Settlement Class, and
26  assisted his counsel. The efforts of Class Counsel have produced the Stipulation entered into
27  in good faith, and which provides a fair, reasonable, adequate and certain result for the
28

1  Settlement Class.  Class Counsel have made application for an award of attorneys' fees and
2  expenses in connection with the prosecution of the Action on behalf of themselves and Other
3  Plaintiffs' Counsel.  The fee award requested is approximately 30% of the value of the
4  Settlement Fund, plus a request for reimbursement of out-of-pocket expenses totaling
5  **$ 3,446,387.09**, which the Court finds to be a fair, reasonable and justified attorneys' fee and
6  expense award under the circumstances.  The Court hereby awards $ **2,550,000.00** as
7  attorneys' fees and $ **896,387.09** in costs to be paid from the Settlement Fund.  Class Counsel
8  shall be responsible for distributing and allocating the attorneys' fees and expense award to
9  Plaintiffs' Counsel in their sole discretion.

10       15.   Plaintiff Johnson, and the Other Plaintiffs, who have agreed to the terms of the
11  Stipulation, and whose claims will be finally and fully resolved by this Judgment, are each
12  entitled to service awards in the amount of $ **1,500.00**.

13       16.   Upon the Effective Date, and subject to fulfillment of all of the terms of this
14  Agreement, each and every Releasing Party shall be permanently barred and enjoined from
15  initiating, asserting and/or prosecuting any Released Claim against any Released Party in any
16  court or any forum.

17       17.   The Plaintiff and all Settlement Class Members shall, as of the Effective Date,
18  conclusively be deemed to have acknowledged that the Released Claims may include claims,
19  rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as
20  of the Effective Date.  The Plaintiff and all Settlement Class Members nonetheless release all
21  such Released Claims against the Released Parties.  Further, as of the Effective Date, the
22  Plaintiff and all Settlement Class Members shall be deemed to have waived any and all
23  protections, rights and benefits of California Civil Code section 1542 and any comparable
24  statutory or common law provision of any other jurisdiction.

25       18.   The Court hereby dismisses with prejudice the Action, and all Released Claims
26  against each and all Released Parties and without costs to any of the Parties as against the
27  others.  Notwithstanding the foregoing, this Order does not dismiss any claims that have been
28

1 | or may be asserted in the future by any persons or entities who have validly and timely
2 | requested exclusion from the Settlement Class.

3 | 19. Without affecting the finality of the Judgment, the Court reserves jurisdiction
4 | over the implementation, administration and enforcement of this Order, the Judgment and the
5 | Stipulation, and all matters ancillary thereto.

6 | 20. The Court finding that no reason exists for delay in ordering final judgment
7 | pursuant to Federal Rules of Civil Procedure, Rule 54(b), the clerk is hereby directed to enter
8 | the Judgment forthwith.

9 | 21. The Parties are hereby authorized without needing further approval from the
10 | Court, to agree to and adopt such modifications and expansions of the Stipulation, including
11 | without limitation, the forms to be used in the claims process, which are consistent with this
12 | Judgment and do not limit the rights of Settlement Class Members under the Stipulation.

13 | All other relief not expressly granted to the Settlement Class Members is denied.

14 | IT IS SO ORDERED.

DATED:

  June 17, 2013

THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT COURT JUDGE